LYDIA B. DOTY, Appellant, v. AZALIAH WILSON, in his own right and as executor, Respondent.

(GENERAL TERM, FOURTH DEPARTMENT, MAY, 1871.

To render a gift effectual, there must be delivery of the thing which is the subject of the gift, and the donor must part with all interest in and control over the subject of the gift; if the thing is not susceptible of delivery, there can be no gift.

A mere parol release of a debt without consideration, is void.

Upon final settlement of an executor's accounts, the surrogate found a gift of money by the testator to his son; basing his finding on evidence, showing that the money was originally delivered as a loan, and that, afterward, the testator refused to take security from the son, saying to him, that if he should want the interest when he called for it, it would be six per cent, and on his decease, that would be the end of it, that the property was the son's, and he had made good use of it.—*Held*, that the evidence failed to support the finding, as no delivery of the subject of the gift was possible, and the testator did not part with all interest in it.—*Held*, further, that there was no release of the debt.

THIS was an appeal from that portion of the decree of the surrogate of Ontario county, rendered on a final accounting of the respondent as executor of the estate of David Wilson, deceased, which refused to charge the respondent with the sum of $3,000 and interest, which the appellant claimed to be due from him for money borrowed from the testator. The facts are stated in the opinion

*H. L. Comstock*, for the appellant.

*Wm. H. Smith*, for the respondent.

Present—Mullin, P. J., Johnson and Talcott, JJ.

Mullin, P. J. The defendant is the executor of the last will of his father, David Wilson. In September, 1868, he applied to the surrogate of Ontario county for a final settlement of his account as such executor. The surrogate issued the necessary citations for the appearance of the next of kin, and they appeared in obedience to such citation. The appellant, a daughter of the testator, insisted before the surrogate that the executor should be charged with the sum of $3,000, which she claimed had been loaned to him by the testator in his lifetime. The executor claimed and insisted that the money was given to him as a gift, and thereby became, and was at his father's death, the sole property of the executor.

A large number of witnesses was examined before the surrogate, called by the respective parties, and after hearing counsel and after due deliberation being had, the surrogate held and decided that the money came to the executor by way of a gift from his father, and he was not, therefore, chargeable with the same as such executor. From that decision Mrs. Doty appeals.

The executor is the only witness living who had any personal knowledge in relation to the arrangement under which he received the money in question, and as the surrogate holds that he received it as a gift, it is to be assumed that he believed the executor's version of the transaction between him and his father, and in disposing of the question arising on the appeal I shall assume that the transaction was, as testified to by the executor.

He testifies that the testator came to his house prior to the 30th March, 1866, and asked him to go with him (the testator) to look at a piece of land which the latter desired to see with the view of buying it. The respondent then told his father that if he would buy the Hosey lot, so called, which adjoins

his (respondent's) farm, and wished to occupy part for a dwelling, he (respondent) would take the residue if the father would give him time.    The latter purchased at that time the Webb lot, which he went to see, and then told respondent if he (respondent) wanted to buy the Hosey lot he could have $3,000 the first day of April, then next to pay towards it. Respondent told his father that if he could have it in a way that neither he nor his family after him would be distressed, he would take it.    On the 30th March he received from his father $2,900 and the next week $100 more.    That not being quite satisfied in regard to it, he went some two weeks afterward to see his father and told him he thought he would come and arrange about that money; that he had previously offered his father a mortgage if he required it, and he then renewed the offer.    His father said he did not want any mortgage.    Respondent then offered him a note or any other security he might want, and the father replied: "I want no note. The condition is this: If I ever want the interest or any part thereof, when I call for it, it will be six per cent; if not, when I am dead that is the end of it.    That it was my property and I had made a good use of it."

From this statement of the transaction, it is established that when the respondent received the money from his father, he did not understand that the money was given by his father to him; there is no evidence that at that time his father intended to give it to the respondent.    Up to the time of the interview, some two weeks after the loan, the respondent was the debtor of his father for the $3,000.    It was at that interview, and not before, that the gift, if there was one, was made.

To render a gift effectual, there must be a delivery of the thing which is the subject of the gift, and if the thing is not susceptible of delivery, there can be no gift.    (Story's Eq. Jr., § 607c.)

There may be a valid gift of a debt evidenced by writing, such as a bond, note, or certificate of stock.    Such a gift will be perfected by the delivery or cancellation of the bond or

other writing by which it is evidenced.   When, however, there is no written evidence of it, and it exists in agreement merely, no delivery can be made, and hence there can be no gift of it.  (1 Redfield on Wills, 305 ; *Gardner* v. *Gardner*, 22 W., 526 ; Williams on Ex'rs., 691.)

It is essential to a gift not only that there should be a delivery of the subject of the gift, but the donor must part with all interest in and control over it.  (Williams on Ex'rs, 689.)  The testator, therefore, could not reserve to himself the interest on the debt, as he thereby retained an interest in it.

Not only was there no gift of the money, but there was not even a release of the debt.  A mere parol release without consideration is void.  (*Crawford* v. *Millspaugh*, 13 J. R., 87 ; *Seymour* v. *Minturn*, 17 id., 169 ; *Dewey* v. *Derby*, 20 id., 462 ; *Barnard* v. *Darling*, 11 W., 28 ; *Harrison* v. *Close*, 2 J. R., 448 ; *Jackson* v. *Stackhouse*, 1 Cow., 122 ; *Farmers' Bank of Amsterdam* v. *Blair*, 44 Barb., 641.)

A debt may be released by the surrender to the debtor of the evidence of the debt, or destruction by the creditor with intent to release.  (*Beach* v. *Endress*, 51 Barb., 570.)

There being neither a gift of the money nor a release of the debt, the decree of the surrogate is erroneous, and must be reversed, with costs, and the proceedings remitted to the surrogate of Ontario, to the end that he may proceed to settle the executor's accounts in accordance with the views above given.