JAMES M. KENT, APPELLANT, *v.* ANDREW C. REYNOLDS, RESPONDENT.

*Surrender and cancellation — of note, not paid in full — no right of action exists thereafter for amount unpaid.*

Where a creditor surrenders to his debtor an obligation for the purpose of cancellation, and the latter, in pursuance of such agreement, cancels and destroys the same, no action can thereafter be maintained thereon by the creditor, in the absence of any fraud, mistake or illegality in the transaction, even though the amount paid by the debtor was less than the amount due upon the obligation surrendered.

APPEAL from an order of the County Court of Onondaga county granting a new trial.

*F. M. Evarts*, for the appellant.

*W. Sanders*, for the respondent.

TALCOTT, J. :

The assignor of the plaintiff held certain notes against the defendant, made in 1868, amounting to $150, without interest, on which

only five dollars had been paid. The defendant becoming insolvent, the holder of the notes agreed to take fifty cents on the dollar for the notes. The defendant procured a relative to advance to take up the notes seventy-five dollars, being at the rate of fifty cents on the dollar for the face of the notes, not including five dollars which had been paid. The assignor of the plaintiff received the seventy-five dollars from the defendant's relative, Turner, and the promise of the defendant to pay the balance to make up the sum of fifty cents on the dollar, as the plaintiff claims. The defendant denies this, and insists that the notes were sold to Turner for the seventy-five dollars paid. At all events, the notes were delivered up by the assignor of the plaintiff to Turner, with the full intention of surrendering the same. It is claimed by the plaintiff that the notes were not purchased by Turner, but that the seventy-five dollars was, in fact, a loan from Turner to the defendant, and the payment was, in substance, by the defendant of seventy-five dollars in satisfaction of a larger sum due on the notes. Turner held the notes for two years or thereabouts, when the defendant gave to Turner his note for the seventy-five dollars, and interest, and received his own note for $150, which he destroyed. The plaintiff's assignor, the father of the plaintiff, testifies that he fully agreed to surrender the notes for fifty cents on the dollar, and that he delivered them to Turner with no agreement or expectation that they should be returned to him, and that he relied on the promise of the defendant to pay him the difference between the seventy-five dollars and the amount necessary to make the payment equal fifty per cent of the notes, which he states to be twelve dollars and fifty cents.

The action was originally commenced in a Justice's Court, where the plaintiff recovered a judgment for fifteen dollars and ninety-two cents and costs, which was probably the amount with interest remaining unpaid on the compromise. The plaintiff appealed to the County Court for a new trial. The cause was retried in the County Court, where the plaintiff, under the charge of the court to the jury, obtained a verdict for $100. The County Court set the verdict aside, and granted a new trial on the minutes, and from the order granting a new trial the plaintiff appeals. The new trial was granted in the County Court, on the ground that the charge was erroneous. The county judge had instructed the jury as

follows : " If the agreement between Kent and Reynolds was that fifty cents on the dollar, amounting to eighty-seven dollars and fifty cents, was to be paid to effect the compromise, and there was no absolute sale of the notes by Kent to Turner, but Turner advanced the seventy-five dollars to Kent, and received the notes from him at the request of Reynolds, acting for him pursuant to to the agreement between Kent and Reynolds, that Reynolds would pay the balance of twelve dollars and fifty cents to make up the compromise money, or fifty cents on the dollar, then the plaintiff was entitled to recover the full amount of the notes, less the seventy-five dollars paid by Turner."

To this part of the charge the defendant excepted, and requested the court to charge " that in any event the plaintiff could only recover the balance of the compromise money, twelve dollars and fifty cents, and the interest thereon," and the court refused so to charge, and the defendant excepted. We think the County Court was correct in ordering a new trial. Conceding that the amount paid by Turner was to be considered as a loan by him to the defendant, and that Turner acted merely as the agent of the defendant in receiving the notes and paying the seventy-five dollars, and that the plaintiff relied upon the promise of the defendant to pay the twelve dollars and fifty cents to make up the full amount of the compromise, yet the holder of the notes voluntarily surrendered them for cancellation, without any fraud or mistake, but voluntarily and in pursuance of his own agreement, and for a consideration deemed advantageous at the time. When the obligation of a debtor is thus surrendered for cancellation, and in pursuance of such surrender the debtor has, as he was authorized by the agreement to do, cancelled or destroyed the obligation, no action can afterwards be maintained thereon by the creditor, who alleges no fraud, mistake or illegality in the transaction. (*Beach* v. *Endress*, 51 Barb., 570.) This is not like the case when a usurious obligation has been taken for a valid debt. In the latter case the contract by which the usurious obligation is substituted is unlawful and declared by the statute to be void, and if the obligor sets up the illegality of the substituted obligation, the original valid debt is revived, and may be recovered. (*Winstead Bank* v. *Webb*, 39 N. Y., 330.)

We think the plaintiff's recovery should have been confined as stated in the defendant's request to charge.

The order is affirmed, with costs.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Order affirmed, with costs.