## Grand Lodge of Illinois Independent Order of Mutual Aid v. Frances Peiffer.

### Gen. No. 12,697.

1. RELEASE—*when form of, sufficient.* No particular form of words is essential to a valid release. Any form of words which indicates an intention to discharge the obligation is sufficient.

2. FRATERNAL BENEFIT SOCIETY—*when delivery of benefit certificate operates as a release.* The surrender of a benefit certificate, canceled and marked paid, operates as a release and discharge of the obligations of the society under the certificate.

Action of assumpsit. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Reversed, with finding of fact. Opinion filed October 23, 1906.

**Statement by the Court.** Appellee sued appellant in the Circuit Court upon a beneficiary certificate issued by appellant, a fraternal benefit society, to Peter Peiffer, the husband of appellee. Appellant paid the full amount of the insurance, $2,000, before the suit was commenced, upon satisfactory proof of the death of Peiffer. The suit was brought to recover from appellant the amount of assessments paid by said Peter Peiffer in his lifetime to appellant, under a provision of the certificate to the effect that appellee was entitled to participate in the mutual aid fund of the order to the amount of $2,000 with accrued mutual aid assessments. These assessments amounted to $428.82.

Prior to the payment of the $2,000 the president of the Grand Lodge of the Order represented to appellee that the Grand Lodge was in strained financial circumstances because of the enormous death rate of the previous winter, and that it could not continue to pay accrued assessments; that it could pay every beneficiary the face of the beneficiary certificate, but no more, and urged appellee to accept the face of the certificate in settlement of her claim. Thereupon the parties met

in the office of appellee's attorney and after some talk Arnold, deputy grand president of appellant, handed appellee or her attorney a warrant on the treasurer of the order for $500 and also one for $400 and an agreement signed by the Grand Lodge to pay appellee $1,500 in installments, the $400 warrant being indorsed as a payment on the agreement, and appellee indorsed on the back of the certificate the following:

"Received of the Grand Lodge of Independent Order of Mutual Aid the sum of Two Thousand, which sum is in full of all claim and demand existing under the within certificate.

Witness my hand and seal this 25th day of April, 1902.

FRANCES PEIFFER.   [SEAL.]

Witness:   C. W. ARNOLD, JOHN P. AHRENS."

The certificate was surrendered to Arnold by appellee and was canceled by writing across the face of it the words "Satisfied in full," and erasing the signatures of the officers of appellant.   Whether the certificate was thus canceled at the interview or subsequently does not appear.

The trial resulted in a verdict and judgment against appellant for $428.82, to reverse which this appeal is prosecuted.

JOHN P. AHRENS, for appellant.

H. A. TIFFANY and EDWY LOGAN REEVES, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

No question of pleadings is made on the record.   No question of fraud is presented by the pleadings or the evidence.   The principal question presented is the effect of the receipt or release signed by appellee at the time appellant paid the money to appellee and received

the certificate with the indorsement thereon from appellee.

The evidence and the circumstances surrounding the transaction convince us that it was the intention of both parties at the time the money was paid and the certificate was surrendered to make a full settlement of the claim of appellee against appellant under the certificate, and to release appellant from all further liability thereon.

The paper purports on its face to be more than a mere receipt for money. It covenants, or contracts in addition that the sum of money is received ''in full of all claim and demand existing under the within certificate,'' and it is executed under seal.

In Parsons on Contracts (6th ed.), vol. 2, p. 872, the learned author in speaking of a release as a good defense to an action says: ''No special form of words is necessary, if it declare with entire distinctness the purpose of the creditor to discharge the debt and the debtor. And if it have necessarily this effect, although the purpose is not declared, it will operate as a release.''

While the paper does not contain the usual words of release and discharge, it clearly declares the purpose of appellee to discharge the debt and to discharge appellant from the debt. If any effect is to be given to the clause above quoted, the document necessarily has the effect to discharge the debt. It is under seal, and therefore a sufficient consideration for a release is imported.

Another view of the case which leads to the same result finds support in the authorities. Appellee delivered up the certificate on which suit was brought to appellant upon receiving the money, or warrants for the money, and the agreement of appellant to pay the balance of the face of the certificate. This was the obligation of appellant which appellee held. She de-

livered up the certificate, we think, with the intention and for the purpose of discharging the debt. This operated in law as a release and discharge of the liability on the certificate.

In Larkin v. Hardenbrook, 90 N. Y. 333, it is said: "The rule seems to be well settled by the authorities that where an obligee delivers up the obligation which he holds against another party, with the intent and for the purpose of discharging the debt, where there is no fraud or mistake alleged or proved, that such surrender operates in law as a release and discharge of the liability thereon; nor is any consideration required to support such a transaction when it has been fully executed." Citing Bouv. Law Dic., title Release; Albert's Exrs. v. Ziegler's Exrs., 29 Penn. St. 50; Beach v. Endress, 51 Barb. 570; Doty v. Wilson, 5 Lans. 10.

Appellee would not have indorsed upon the certificate itself the satisfaction thereof under seal and delivered up the certificate to appellant, with the advice of her counsel who was present at the time, had it not been her intention to discharge and cancel the debt. Under the above authorities we hold that by operation of law the liability on the certificate was released and discharged by the delivery and surrender of the certificate to appellant under the circumstances shown by the evidence.

It follows from the view we take of the release, and the legal effect of the surrender of the certificate, that the court erred in refusing to instruct the jury at the close of the evidence to find the issues for the defendant as requested by appellant.

The judgment of the Circuit Court is reversed with finding of fact.

*Reversed.*