Church, Ch. J.
 

 The learned judge who delivered the opinion of the court below is undoubtedly correct in the rule of law that if the defendant, at the time the money was delivered, then became the debtor of the testator, and that it was so intended by both parties, a mere parol declaration afterward would not transform the debt into a gift; but 1 do not think that this rule should be applied to this case, so as to definitely determine the rights of the parties. It is not claimed that a debt can be thus changed into a gift. A release or surrender of the evidence of the debt, or some act, as the destruction of the note, bond, or other evidence of debt, seems to be regarded as necessary. But when money is delivered, as in this case, from father to son, and no writing is made, and no evidence of debt taken, and under circumstances rendering it uncertain as to whether it was intended as a loan or gift, and not inconsistent with either, then a distinct declaration to the donee, made afterward, that it was intended as a gift, may have the effect, not of changing it, but of determining which it was. To make a valid gift
 
 inter vimos
 
 there must be a delivery with the intention of making the gift, but I do not understand that any form of words is necessary to be observed at the time to constitute a good gift. If the circumstances clearly evince the intention, it is sufficient; and if these are equivocal, an explicit declaration afterward of that intention is competent.
 
 (Winchin
 
 v.
 
 Merrill,
 
 2 Edw. C. R., 333.) According to the statement of the defendant, the money was delivered in this case under equivocal circumstances. The father offered the money, the son accepted the offer, providing he could have it in a way that would not distress him, nor his family after him. The
 
 *584
 
 money was delivered, and nothing said, except that the father declined a mortgage. It may be assumed that the son was willing tó regard it as a loan, and secure it as such, but there is no evidence of anything being said by the testator up to this time as to how he regarded it, or with what intention he delivered it. It might be implied by the delivery of the money, after the son had said in what way he wanted it, that his intention was to comply with those terms, but those terms were consistent with either a gift or a loan. When the son called upon the father in this state of uncertainty, and for the purpose of having it definitely understood, if the latter had distinctly declared that he intended it as a gift, and this had been clearly proved, it would have related back to the act of delivery, and characterized it as a gift, and would have been as effectual as if made at the time. The Supreme Court assumed that this was proved, but held, as a matter of law, that it did not affect the transaction. This was erroneous; but we do not intend to decide whether the facts proved established a valid gift or not, as we think there should be a rehearing.
 

 The evidence of the subsequent declaration of the testator was given by the defendant himself, not as evidence of the fact, because he was incompetent for that purpose, but by way of contradiction of admissions proved by the other side against him, and the weight which should be attached to evidence thus given is peculiarly for the trial court, and may not be made competent on another hearing. The court below also erred, we think, in holding that the gift was necessarily invalid because the right to call for six per cent interest was reserved. It is undoubtedly a general rule that the donor must part with all interest and control over the property ,• but I can find no authority, nor can I see any reason for the doctrine, that a promise made by the donee to pay a sum of money or do an act not amounting to a condition of delivery or title? can invalidate the gift. If this was a gift of the $3,000, the title and control of the money immediately vested in the donee, and his promise to pay the donor six per cent in no
 
 *585
 
 degree affected such title or control. It might be a circumstance to determine whether it was a gift or not, but would not invalidate it as a gift. The donor could never recover back the principal, nor in any manner control it, and it is not material to inquire whether he could recover the interest. If he could, it would be upon a principle not affecting this question.
 

 One distinction between a gift
 
 causa
 
 mortis, and
 
 inter vims,
 
 is that in the former the delivery is conditional, to take effect at death unless revoked, and in the latter the delivery is absolute. In the former the title does not vest until death, while in the latter it vests immediately. A condition attached to the delivery would invalidate a gift, but a promise of the donee, not constituting a condition of delivery, or title, but consistent with it, will not have that effect.
 
 (Hills
 
 v.
 
 Hills,
 
 8 Mecson
 
 &
 
 Wells, 404;
 
 Blount
 
 v.
 
 Burrow,
 
 4 Brown, Ch. a, 72.)
 

 , If the Supreme Court had reversed the decision of the surrogate upon the facts and ordered a rehearing, we should not have disturbed it. I have examined the facts with great care, and I am not prepared to say that a gift was established. Whoever alleges a gift must prove it satisfactorily. A doubtful case will not do. (
 
 Walter
 
 v.
 
 Hodge,
 
 2 Swanst., 97.)
 

 Without intending to decide the question of fact, wo think that a proper disposition of the case is to reverse the judgment for the errors of law above stated, and to send it back for a rehearing. (26 N. Y., 447.)
 

 The surrogate found that it was a gift; the Supreme Court found that in law it was a loan. It was argued in this court by counsel on both sides upon the sole question whether it was a gift or a loan.
 

 The question whether it was intended at the time as an advancement, and if so, what effect the will made subsequently would have upon it, was not alluded to by counsel. The examination has impressed me that the transaction is very near the border line between a loan, a gift and an advancement, and the facts developed on another trial may
 
 *586
 
 clearly turn the scale in favor of one or another. If it was a loan,, the defendant must pay it as a debt owing the estate ; if a gift, it was his property from the time of its receipt. If it was an advancement, ami the deceased had died intestate, it would have been b' T,t into hotchpot and deducted from the share of the def : ut advancements only apply in cases of intestacy, i will is subsequently made without noticing the ach,^
 
 n
 
 the children take according to the will without abateidEeii"t (2 Wms, on Executors, 1070 ;
 
 Kreider v.
 
 Boyer, 10 Watts R., 54.)
 

 This suggestion is made, not to indicate an opinion, but as an additional reason for a rehearing.
 

 Behearing ordered before surrogate.
 

 All concur. Peckham, J., concurring in result.
 

 Ordered accordingly.