The judgment cannot be reversed upon the ground of a compromise between the parties. There was some evidence tending to show that the defendant doubted the correctness of the account rendered by the plaintiff, and *Page 70 
that, for the purpose of satisfying himself, asked to examine his books; and some tending to show that he denied the authority of his wife, by whom the goods had been purchased from the plaintiff, to purchase them upon his credit; but the referee having given judgment for the plaintiff, this court cannot assume that either of these facts was found by him. Besides, the evidence does not show any compromise by the parties, either of a demand which was disputed by the defendant, or for the discharge of an admitted indebtedness upon payment by the defendant of a less sum. The evidence proved, and the referee has found, that the defendant being indebted to the plaintiff, he proposed to give him the debt; that the latter said a gift would not stand in law; that the plaintiff said if the defendant would give him a dollar that would make it lawful, and then proposed if the defendant would give him a dollar he would give him the entire debt; whereupon the defendant did give the plaintiff a dollar, for the purpose of satisfying the whole debt, which the plaintiff accepted, and balanced his books as follows:
Wm. Burton, cr. by cash on account, $1 00 Gift, to balance account, 820 91
And that the plaintiff, for the purpose of carrying out the arrangement, gave the defendant a receipt, of which the following is a copy: "Received of William Burton one dollar, in full, to balance all book accounts, up to date, of whatever name and nature." The referee further found that it was the intention of both parties that the plaintiff, by such acts, so done, should and did give to the defendant the whole of said debt for one dollar; which sum was paid and received for the sole purpose of discharging the entire debt. From which facts the referee deduced the following legal conclusions: That there was no valid compromise or accord and satisfaction of the debt; that it was not a valid gift in law of the debt from the plaintiff to the defendant; that the plaintiff was entitled to recover of the defendant the amount of the debt, less the one dollar paid. The only construction of *Page 71 
the findings of fact is, that a gift of the entire debt, by the plaintiff to the defendant, was intended to be made, and was made, if the facts were sufficient to constitute a legal gift. No compromise of a disputed demand or of an admitted debt, upon payment of less than the amount, was talked of, agreed upon, or at all within the contemplation of the parties. That intention clearly was that the plaintiff should give the entire debt to the defendant, and that he should accept the same as a gift from him. The dollar was given, not in payment, but merely to satisfy defendant of its validity. The debt was then due, and the counsel of the respondent cites numerous cases where it has been held that a payment of a less sum upon a debt actually due cannot satisfy or discharge the entire debt, but only so much as is paid, although agreed to be received in satisfaction of the whole. The cases to this effect are uniform, from Fitch v.Sutton (5th East Rep., 230), to Ryan v. Ward (48 N.Y.,
204), Bunge v. Koop (id., 225). The reasons upon which these cases were determined were, that it was not good as an accord and satisfaction, as it was obvious that a smaller sum could not satisfy a greater; that, when the debt was due, payment of a part by the debtor was no consideration for a promise of the creditor to discharge the residue, as the creditor received nothing to which he was not entitled, and there being no consideration for any such agreement, it was a nude pact and void. To discharge the debt, it was held that there must be a release under seal. Although the reason why the use of a seal would effect a discharge while the same writing not sealed would not produce such result is rarely alluded to, yet it is perfectly obvious; at common law the seal was conclusive evidence of a sufficient consideration, and, hence, when attached to a release of a debt, was conclusive of a sufficient consideration therefor. This rule of evidence has been modified by statute to some extent. (2 R.S., 406, § 77.) This modification does not extend to releases. The question in this case is not whether there was an accord and satisfaction, or a valid compromise of the debt, but whether there was a *Page 72 
valid gift of it by the plaintiff to the defendant. Hence the authorities in regard to the two former do not apply. The counsel for the respondent insists that the defendant cannot avail himself of the latter for the reason that it was not set up in the answer; but no such objection was raised upon the trial. Had it then been taken it might have been obviated by procuring an amendment, if necessary. Omitting to make it upon trial was a waiver. The question whether there was a valid gift of the debt upon the facts proved and found is involved in the case and must be determined. A gift may be defined as a voluntary transfer of his property by one to another, without any consideration or compensation therefor. To make it valid, the transfer must be executed, for the reason that, there being no consideration therefor, no action will lie to enforce it. To consummate a gift there must be such a delivery by the donor to the donee as will place the property within the dominion and control of the latter, with intent to transfer the title to him. The question is, was there such a delivery of the debt by the plaintiff to the defendant, or what was equivalent thereto, in this case? InChampney v. Blanchard (39 N.Y., 111), the defendant had in her hands money of the intestate, for which she had given the intestate a receipt. The intestate, on the day of her death, gave this receipt to the defendant, saying, in substance, she gave the defendant the money therein specified. This was held a validdonatio causa mortis. A delivery is equally necessary in such a gift as in one inter vivos. True, there was, in strictness, no debt from the defendant to the intestate. The former held the money as trustee for the latter, but the case is an authority for the position that to constitute a gift a manual delivery of the thing given is not necessary, nor need it be present in all cases; that a delivery of the evidence of the right of the donor to the donee, with intent to transfer the title, is sufficient. In Westerlo v. Dewit (36 N.Y., 340) it was held that the delivery of a certificate of deposit unindorsed, with intent to transfer to the donee the money therein specified, was sufficient to constitute a *Page 73 
valid gift of such money. It would necessarily follow that the delivery by the donor of the evidence of any debt against a third person, with like intent, would transfer the debt to the donee. In such cases the thing given is the debt, not the evidence; and yet a delivery of the latter, with intent to give the former, will effect that result. It would also follow that the delivery by a creditor of a note or bond and mortgage to his debtor, with intent to give him the debt, would be sufficient to transfer and discharge such debt. Kent (2 Comm., 439), speaking of the delivery essential to a gift, says: that in this as in every other case delivery must be according to the nature of the thing. It must be an actual delivery, so far as the subject is capable of delivery. It must be secundum subjutam materiam, and be the true and effectual way of obtaining the command and dominion of the subject. If the thing given be not capable of actual delivery, there must be some act equivalent to it. The donor must part not only with the possession but with the dominion of the property. If the thing given be a chose in action, the law requires an assignment or some equivalent instrument, and the transfer must be actually executed. The debt in this case consisted of an account for goods sold. Had the plaintiff written upon a copy of the account that the same was canceled by a gift thereof to the defendant, and signed and delivered the same to the defendant with intent to make a gift thereof to him, and the latter had accepted it as a gift from him, can there be a doubt that the gift would have been effectual? It was all the delivery the subject was capable of. But in this case the plaintiff balanced his books by gift to the defendant. Had he stopped here, making no delivery of anything to the defendant, the act would not have been of any effect; nothing would have been delivered to him; and the books continuing in the possession of the plaintiff, the gift would not have been executed. But when, to complete his purpose of giving the debt, he executed and delivered to the defendant a receipt in full for the account, to effect the intention of the parties, the law will construe the instrument, if necessary, as an *Page 74 
assignment of the account and of the right of action thereon to the defendant. My conclusion is that the gift of the debt was valid, and constituted a defence to the action; that the proof of want of consideration for the receipt given by the plaintiff was answered and avoided by the proof that it was given to consummate a gift of the debt by him to the defendant.
The judgment must be reversed and a new trial ordered, costs to abide the event.
All concur, except RAPALLO and FOLGER, JJ., not voting.
Judgment reversed.