MARK W. MACLAY, Respondent, *v.* JEREMIAH P. ROBINSON, Appellant, Impleaded with LEWIS H. LEONARD and Others, Respondents.

*Gift — assumption of a debit balance on the books of a firm — directions to a book-keeper to charge it to the donor — failure to make the entry before the donor died.*

Where a gift, not susceptible of actual physical delivery, is, so far as is possible, placed by the donor in the control of the common agent of the donor and the donee, with directions to execute it, the donor has fully performed upon his part and the gift will not fail because the common agent of the parties neglects, during the lifetime of the donor, to carry out the instructions given him by the donor.

Upon a settlement of partnership accounts it appeared that Mr. Robinson, Sr., one partner, the father of another member of the firm, declared it to be his purpose to have the balance standing upon the books of the firm to the debit of his son transferred to his own account in order to reward his son for faithful attention to the business; that with this intention Mr. Robinson, Sr., instructed his bookkeeper to transfer to his own account his son's indebtedness to the firm; that the bookkeeper made a memorandum of the instructions which Mr. Robinson, Sr., had given him and showed it to the son; that shortly after the transaction and before the bookkeeper had made the proper entry in the ledger, Mr. Robinson, Sr., died.

*Held,* that the gift was valid and irrevocable;

That it was a matter where actual delivery was, from the nature of the case, impossible; that the donor had done all that he could in the matter of delivery, and that the gift should not fail because the common agent of the donor and the donee had not executed the instructions of the donor before he died.

APPEAL by the defendant, Jeremiah P. Robinson, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of March, 1895, upon the report of a referee.

*Frank D. Sturges,* for the appellant.

*Wilhelmus Mynderse,* for Harriet W. R. Leech, executrix, respondent.

PATTERSON, J.:

We are unable to adopt the conclusion reached by the referee on the only question presented by this appeal. That question is between a surviving partner and the representatives of a deceased partner on the settlement of the co-partnership accounts. The evi-

dence shows that the deceased partner, Mr. Robinson, Sr., declared his purpose of having the balance standing to the debit of one of his partners, viz., his son, transferred to his own account in consideration of the unprofitable condition of the business and the faithful attention that his son had given it.    The referee finds that Mr. Robinson, Sr., with the intention of canceling his son's indebtedness, instructed his bookkeeper, Mr. Banger, to transfer his son's indebtedness to the father's account, and that Mr. Banger (who died before the hearing of the cause) made a memorandum of such instructions, which was shown to Mr. Robinson, Jr., and which was made pursuant to the instructions the father had given. That finding is justified by the evidence.    Regarding the transaction as a gift from father to son, as both parties have presented it, it was not of that incomplete character the referee held it to be.    The intention to make the gift had been formed and declared.    The subject of it was incapable of actual physical delivery.    Steps were taken to effectuate it, and directions were given.    All that was omitted was a bookkeeper's ledger entry, and positive instructions had been given him to make it.    He did make a memorandum of those instructions, which he placed in the ledger, but did not actually make an inscription in the accounts before Mr. Robinson, Sr., died, which event happened shortly after the transaction.    All that Mr. Robinson, Sr., could personally do or had contemplated doing to perfect the gift had been done.    The mode of furnishing the evidence had been appointed by him ; the bookkeeper had received his instructions and acted upon them to the extent of reducing them to a written memorandum from which to make the entries, but he merely omitted to post from that memorandum to the ledger.    So far as the gift was susceptible of delivery, it was delivered to the common agent of both parties, the agent of the recipient as well as of the giver.    Had it been to the sole agent of the giver it might have been recalled, but the partnership bookkeeper received his orders, and they were communicated to young Mr. Robinson, and considering the subject-matter of the gift, that it was a transaction of accounts only, we think it was complete and irrevocable.    The judgment should be reversed so far as the statement of accounts of the respective partners is concerned, and the accounts should be restated, by charging that of Mr. Robinson, Sr., and crediting that of Mr. Robinson, Jr., with

so much of the latter's indebtedness to the firm as appeared by the books to exist on the 1st day of July, 1886, that being about the date of the assumption by Mr. Robinson, Sr., of that indebtedness.

Van Brunt, P. J., concurred; Parker, J., dissented.

Judgment reversed, new trial ordered, costs to appellant to abide event.