(41 Misc. Rep. 195.)

## PEOPLE v. MILLS.

(Supreme Court, Special Term, New York County.   July, 1903.)

1. CRIMINAL LAW—PRINCIPALS AND ACCESSORIES—ATTEMPT—COMMITTED CRIME
   —STATUTES—CONSTRUCTION.

   Pen. Code, § 29, provides that a person concerned in the commission of a crime, whether he directly commits the crime, or aids or abets in its commission, and whether present or absent, and a person who directly or indirectly counsels, commands, induces, or procures another to commit a crime, is a principal.  *Held*, that where defendant was charged with an attempt to unlawfully remove public records, and also with an attempt to commit grand larceny in the second degree, by attempting to steal indictments, and it appeared that the removing or taking of the indictments which the defendant counseled never occurred, and that the only taking or removing was done by· the district attorney, who was not an accomplice, but who took them for his own purposes, the defendant was not a principal, since the act of the district attorney could not be imputed to him.

2. SAME—ATTEMPTS TO COMMIT CRIME—SOLICITATION.

   Under Pen. Code, § 34, providing that an act done with intent to commit a crime, and tending, but failing to effect its commission, is an attempt to commit such crime, defendant's solicitation of a detective to commit a crime, with intent to commit the same, is an attempt to commit it; and, on proof of such solicitation, defendant may be properly convicted.

George E. Mills was convicted of an attempt to commit larceny and to remove certain public records.   On application for a certificate of reasonable doubt.   Application denied.

William Travers Jerome, Dist. Atty. (Robert C. Taylor, Asst. Dist. Atty., of counsel), for the People.

John R. Dos Passos, John T. Little, and Howe & Hummel, for defendant.

DUGRO, J.  Mills, the defendant, was accused by an indictment framed under sections 34, 94, and 531 of the Penal Code, and which contained two counts:   First, of the crime of an attempt to commit the crime of willfully and unlawfully removing records deposited in a public office; second, of the crime of an attempt to commit the crime of grand larceny in the second degree, committed by the felonious attempt to steal six indictments.   Section 34 reads, "An act, done with intent to commit a crime, and tending but failing to effect its commission, is an attempt to commit that crime."   It is contended that the evidence warranted a conclusion that the crimes charged as having been attempted were committed, and that a conviction upon an accusation of an attempt to commit the crime was therefore warranted under section 685 of the Penal Code; and this contention rests upon a claim that defendant, through counseling the removing and the taking of the indictments, became a principal, by virtue of section 29 of the Penal Code, which reads as follows:   "A person concerned in the commission of a crime, whether he directly commits the act constituting the offense or aids or abets in its commission, and whether present or absent, and a person who directly or indirectly counsels, commands, induces or procures another to commit a crime, is a principal."   It seems that whatever was done in the way of removing or

taking was not done under the counsel or inducement of the defendant, but by the district attorney, who was prompted to do the removing by his desire to use the papers for entrapping purposes, and between whom and the defendant there was a want of community of motive. The taking which it is claimed defendant counseled never took place. The taking which did take place was by the district attorney, was solely for his personal purposes, and independent of any counsel or inducement on the part of the defendant, and in taking the indictments the district attorney was not an accomplice. As there was nothing in common between the motives of the district attorney and those of the defendant, the act of the district attorney was not imputable to defendant. The claim that defendant was a principal in a removing and stealing of the indictments is therefore untenable. But there was evidence from which the jury may have justly inferred that the detective, Brindley, was solicited by the defendant to remove the indictments from the office of the clerk and to steal them, and this was sufficient to sustain the verdict, for a mere solicitation to commit a crime, with intent to commit the crime, is "an act done with intent to commit a crime, and tending * * * to effect its commission," within the meaning of these words as used in section 34 of the Code. King v. Higgins, 2 East, 5; 1 Russ. on Cr. (Ed. 1896) 196; People v. Bush, 4 Hill, 135. And even though the words used by the defendant did not amount to a solicitation, I believe that they constituted such an act as is referred to in section 34. I have given due consideration to all the questions referred to in the briefs presented in behalf of the applicant, and am unable to say that in my opinion there is reasonable doubt whether the judgment should stand, and will therefore deny the application for a certificate.

Application denied.