HENRY C. VAN CLEEF, as Administrator of the Goods, Chattels and Credits which were of Caroline E. Dakin, Plaintiff, *v.* CHARLES M. MAXFIELD, Defendant.

(Supreme Court, Kings Trial Term, April, 1918.)

Gifts — inter vivos — actions — evidence — trial — verdict — when motion to set aside, denied.

Some kind of delivery is essential to make a valid gift *inter vivos.*

In an action by an administrator to recover the amount of alleged loans by his intestate to defendant, tried on the part of the defense upon the theory that the entire amount of said loans was a gift, the defendant admitted that delivery is essential to a valid gift *inter vivos* and that there was no delivery of any kind in the case, and there was no evidence upon which a finding of a contract could be based. Both parties moved for the direction of a verdict; it was directed in favor of plaintiff; defendant then asked to withdraw his request for the direction of a verdict and to go to the jury on the ground that he had made a question of fact as to whether the loans were canceled by the decedent. The motion was denied to which an exception was taken. *Held,* that a motion to set aside a verdict in plaintiff's favor and one to direct a verdict in favor of defendant will be denied.

ACTION tried before the court and a jury.

Snedeker & Snedeker (Alden S. Crane, of counsel), for plaintiff.

Harry A. Redmond, for defendant.

JAYCOX, J. At the conclusion of the testimony both parties moved for the direction of a verdict and the court thereupon directed a verdict in favor of the plaintiff. Then the defendant asked to withdraw his request for the direction of a verdict and asked to go to the jury " on the ground that the defendant has made a question of fact as to whether those loans were cancelled by the deceased." This motion was denied, denial excepted to and thereupon the defendant moved to set aside the verdict and asked the court to direct a verdict in favor of the defendant. These are the motions now before the court for decision. The defendant in his opening told the jury that the entire amount of these loans had been given by the decedent to the defendant. The case was tried upon that theory and the plaintiff's motion for the direction of a verdict was based upon the absence of any testimony to show a delivery. No suggestion was made at that time that this was not the correct theory of the defense and the defendant made no mention of a contract. When the briefs were received the plaintiff's brief was addressed to the question of the necessity of delivery to constitute a valid gift and the defendant's to a claim that his indebtedness had been forgiven as the consideration of a contract to support the decedent.

I will take up the questions thus raised in the order above stated. Delivery has always been considered an essential element in a gift *inter vivos*.

" The elements necessary to constitute a valid gift are well understood and are not the subject of dispute. There must be on the part of the donor an intent to give, and a delivery of the thing given, to or for the

29

donee, in pursuance of such intent, and on the part of the donee, acceptance. The subject of the gift may be chattels, choses in action, or any form of personal property, and what constitutes a delivery may depend on the nature and situation of the thing given. The delivery may be symbolical or actual, that is, by actually transferring the manual custody of the chattel to the donee, or giving to him the symbol which represents possession. In case of bonds, notes, or choses in action, the delivery of the instrument which represents the debt is a gift of the debt, if that is the intention; and so, also, where the debt is that of the donee it may be given, as had been held, by the delivery of a receipt acknowledging payment. *Westerlo* v. *DeWitt,* 36 N. Y. 340; 93 Am. Dec. 517; *Gray* v. *Barton,* 55 N. Y. 72; 14 Am. Rep. 181; 2 Schouler Pers. Prop. Sec. 66, *et seq.* The acceptance, also, may be implied where the gift, otherwise complete, is beneficial to the donee. But delivery by the donor, either actual or constructive, operating to divest the donor of possession of and dominion over the thing, is a constant and essential factor in every transaction which takes effect as a completed gift. Anything short of this strips it of the quality of completeness which distinguishes an intention to give, which alone amounts to nothing, from the consummated act, which changes the title. The intention to give is often established by most satisfactory evidence, although the gift fails. Instruments may be ever so formally executed by the donor, purporting to transfer title to the donee, or there may be the most explicit declaration of an intention to give, or of an actual present gift, yet unless there is a delivery the intention is defeated. Several cases of this kind have been recently considered by this court. *Young* v. *Young,* 80 N. Y. 438; *Jackson* v. *Twenty-third St. R. Co.,* 88 id. 520; *Matter*

*of Crawford,* 113 id. 560. *Beaver* v. *Beaver,* 117 N. Y. 428, 429.

" The rule has long been that no merely oral declaration will transform a debt into a gift." Schouler Pers. Prop. (2d ed.) § 97; Pars. Cont. (9th ed.) 255; Bish. Cont. § 82.

Kent (2 Com. 439), speaking of the delivery essential to a gift, says: " Delivery in this, as in every other case, must be according to the nature of the thing. It must be an actual delivery, so far as the subject is capable of delivery. It must be *secundum subjectam materiam,* and be the true and effectual way of obtaining the command and dominion of the subject. If the thing given be not capable of actual delivery, there must be some act equivalent to it. The donor must part, not only with the possession, but with the dominion of the property. If the thing given be a chose in action, the law requires an assignment or some equivalent instrument, and the transfer must be actually executed." *Mace* v. *Thayer,* 51 App. Div. 121; *Grafting* v. *Irving Savings Inst.,* 69 id. 566; *Doty* v. *Willson,* 5 Lans. 7; *Davis* v. *Davis,* 104 N. Y. Supp. 824; *Matter of Gregg,* 11 Misc. Rep. 153; *Mac Kenzie* v. *Harrison,* 120 N. Y. 260.

That there must be some kind of delivery to make a valid gift *inter vivos* is still the law. In a comparatively late case the Court of Appeals said: " It was said by Chancellor Kent in *Noble* v. *Smith* (2 Johns. 52–56) that ' delivery in both kinds of gift (*inter vivos* and *causa mortis*) is equally requisite, on grounds of public policy and convenience, and to prevent mistake and imposition.'

" Because many gifts are sought to be shown by oral evidence after the donor's death, it is necessary for the public good to require clear and satisfactory evidence of the fact to prevent fraud and perjury.

There must be a delivery which results in a present change of dominion and ownership. Intention or mere words cannot supply the place of an actual surrender of control and authority over the thing intended to be given.'' *Matter of Van Alstyne,* 207 N. Y. 308.

In that case the court stated further at page 310: '' It is true that the old rule requiring the actual delivery of the thing given has been very largely relaxed, but a symbolical delivery is sufficient only when the conditions are so adverse to actual delivery as to make a symbolical delivery as nearly perfect and complete as the circumstances will allow.''

Saying that the rule has been relaxed is however far from saying it has been abrogated altogether. In this case there was no delivery of any kind actual or symbolical. *Matter of Mills,* 172 App. Div. 530, does not hold that a delivery is not essential to a valid gift. That was a proceeding to appraise an estate for the purpose of imposing a transfer tax. No question of title between adverse claimants was involved. The same persons owned the property whether it was held to have passed by a gift *inter vivos* or at decedent's death by his will. The only question involved was, did the property in question constitute a part of decedent's estate or had title passed by a gift *inter vivos?* In that case it was not held that a delivery was not essential but that a delivery as complete as the circumstances would permit had been made. The securities in question were in the possession of one of the donees. The entries upon the donor's books in connection with the letters and telegram could well be construed as a delivery of an assignment and this has always been held as sufficient. The first case cited in the *Mills* case (*Champney* v. *Blanchard,* 39 N. Y. 111) is a case in which it was held that the return to the donee of a receipt for property then in her

possession was a valid delivery of the property that was the subject of the gift. In the present action there would be no doubt of there having been a delivery had a receipt or any other evidence of the debt been returned to the donee. *Porter* v. *Gardner,* 60 Hun, 571, involved the title to a colt which the decedent had given her nephew. At the time of the gift the colt was in the nephew's possession and so continued and while it was in his possession the donee stated it was her nephew's colt and it was held that this would authorize a finding of delivery. *McGavic* v. *Cossum,* 72 App. Div. 35, is the only other New York case cited in the *Mills* case which bears upon the question of delivery as involved in this case. In that case the delivery of a writing reciting the gift of a bond was held sufficient as a symbolical delivery. Although the defendant has cited no cases and apparently makes no claim of a valid gift, I have endeavored to examine all cases in which the question of the necessity of delivery is involved and have been unable to find any case in which it has been held that delivery in some form is not essential. As a result of this examination, I have arrived at the conclusion that "A gift of a debt due by parol can be made only by the creditor's execution of a release in writing, or the performance of some act by which the debt is placed beyond his legal control." 20 Cyc. 1208.

The defendant says in his brief " It seems to me that no mention was made of this on the trial. That this reasonable contract was overlooked by the court in its determination of the motion for the plaintiff. That the sole theory upon which the verdict was directed for the plaintiff was on the theory of a gift and as the court expressed it on the argument, in order to make a gift valid there must be either a delivery of the subject matter or some evidence in writing corroborative of the act." From this I think

it may be clearly inferred that the defendant admits that delivery is essential to a valid gift and there was no delivery of any character in this case.

It is true also, as defendant's counsel states, that there was no mention upon the trial or in the oral argument in the conclusion thereof of a contract. I think there is no evidence upon which a finding of a contract could be based. The contract it is claimed is proved by the following testimony given by C. F. Maxfield, father of the defendant: "I want you to hear what I am going to tell Monte. I have loaned him some money and if anything ever happens to me, I want you to understand that I am making him a present of it. He doesn't owe me a dollar. I am making him a present of everything that I have loaned him and I want you to remember this in case anything should ever come up. Then I said to her 'Carrie, I wouldn't do that because you might need the money.' She said I have made Monte promise that if anything should happen, Monte and the boys will take care of me."

The decedent stated that she was giving her nephew the money. Nothing else was in her mind. She wanted the father to witness that gift. She did not ask him to witness any agreement by her nephew to care for her. The suggestion by the father that she had better not give her money away elicited the information that Monte and the boys were to take care of her. This happened to be told in the same conversation as that in which she made the gift but there is no connection shown between the two facts. She merely stated the reason why she should not be considered improvident in giving her money away. If she had said some other relative was to care for her of course the idea of a contract would not have occurred to any one. It is therefore solely because the donee is the promisor that the court is asked to

infer a contract. Something more than this is necessary. It must be shown that the forgiveness of the debt was the consideration of a contract to support decedent. For aught that appears the promise to support may have been made years before the indebtedness was forgiven.

The language used indicates a gift at that time and a promise made some time in the past. If this were a contract, wouldn't the witness have been asked to witness not the gift alone but also the promise to support? Wouldn't there have been some mention of an agreement? When the witness gives the language used in asking him to come into the room he states: " She asked me if I would come in, she wanted to have me hear her make Monte a present of the money which she had loaned him and also Herbert." This, I think, indicates clearly a gift and not a contract. Both motions are therefore denied.

Motions denied.