SAMUEL COHEN, Respondent, *v.* SAMUEL COHEN, Appellant.

(Supreme Court, Appellate Term, First Department, June, 1919.)

Gifts — when debt cannot be made the subject of a gift — counterclaim — judgments.

No gift is valid unless its subject matter is so delivered to the donee as to place the property under his dominion. Mere words alone, except where the donee already has possession of tangible property or of tangible evidence of a right to incorporeal property, do not suffice.

A debt not evidenced by a note or other writing cannot be made the subject of a gift unless the creditor gives the debtor a receipt or some other physical evidence of the transfer. Mere oral expression of an intention to forgive such an unevidenced debt cannot effectuate the intending donor's purpose.

Where a debtor admits that he borrowed a sum of money but claims that his creditor later orally forgave the debt which was not evidenced by a note or otherwise, without, however, giving him any physical evidence of such forgiveness, a judgment dismissing the creditor's counterclaim based on said loan will be reversed although the creditor does not deny the alleged oral forgiveness, and judgment will be ordered offsetting the amount thereof against plaintiff's recovery.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, in favor of plaintiff, after trial by the court without a jury.

Sporborg & Connolly (William D. Sporborg, of counsel), for appellant.

Cohen, Haas & Schimmel (Isidore Cohen, of counsel), for respondent.

MULLAN, J.   We see no error in so much of the judgment as awards $500 to the plaintiff on his cause of action, but we think the defendant's counterclaim for $400 loaned to the plaintiff should have been allowed. The parties had been dealing with each other for some time, the plaintiff buying vegetables for the defendant under an agreement whose terms are not essential to an understanding of the question involved in a consideration of the counterclaim.   The plaintiff admits that he borrowed the $400 from the defendant some time in January, 1916, but claims that the debt was subsequently orally forgiven.   No note, receipt or other physical evidence of the loan was, either at the time of its making, or later, given to the defendant.

The plaintiff's story is that the defendant, some time after the making of the loan, said to the plaintiff that he, the plaintiff, had been so successful in his buying operations on defendant's behalf that the defendant would make him a present of the $400. To use plaintiff's own language, the defendant said: " Call that off, call that square, and he allowed me this $400 as a bonus, and he even told me he will give me more money.  *  *  *  Q. And you say that afterwards the defendant voluntarily said you need not pay it — is that so? A. Yes, sir."

The defendant does not directly deny the forgiveness. Assuming the fact of the matter to be as plaintiff contends, it seems clear that the plaintiff wholly failed to establish a defense to the counterclaim. From the earliest times it has been held that no gift is valid unless its subject-matter is so delivered to the donee as to place the property given under the donee's dominion and control. *Cochrane* v. *Moore,* 59 L. J. Q. B. 377. In the case of chattels, or of debts evidenced by a writing, symbolical deliveries of various kinds have frequently been held good. But no mere words alone, except where the donee at the time is in possession of tangible property, or of tangible evidence of a right to incorporeal property, suffice to constitute delivery. *Cochrane* v. *Moore, supra; Gray* v. *Barton,* 55 N. Y. 68; *Carpenter* v. *Soule,* 88 id. 251; *Beaver* v. *Beaver,* 117 id. 421; *McKenzie* v. *Harrison,* 120 id. 260; *Matter of Van Alstyne,* 207 id. 308; *Van Cleef* v. *Maxfield,* 103 Misc. Rep. 448. The *Van Cleef* case is the only case decided in this country, so far as we could find, where the subject-matter of the intended gift was an unevidenced debt, and it was held that there was no gift, although there was a clear intent to make the gift by forgiving the debt. There, as here, had the intending donor given the intended donee a receipt for the debt, that would have been a sufficient delivery.

*Gray* v. *Barton, supra.* Or had there been any physical evidence of the donor's right to the debt, a delivery by the donor to the donee of such evidence would have been a sufficient delivery of the debt itself. Id.   In England we find nothing closer to the precise situation here than a *dictum* (quoted in *Cochrane* v. *Moore, supra,* 423) in the ancient *Flower's Case*, Noy 67, decided in 39 Eliz., where the case is stated thus: "A borrowed one hundred pounds of B, and at the day brought it in a bag and cast it upon the table before B, and B said to A, being his nephew, I will not have it, take it you and carry it home again with you. And by the Court, that is a good gift by parol, being cast upon the table. For then it was in the possession of B, and A might well wage his law. *By the Court, otherwise it had been, if A had only offered it to B, for then it was chose in action only, and could not be given without a writing.*" Italics ours.

It seems to be beyond argument that no merely oral expression of an intention to forgive an unevidenced debt can effectuate the intending donor's purpose. It follows, therefore, that the counterclaim should have been allowed.

Judgment modified by deducting therefrom the sum of $400 with interest from January 31, 1916, and, as so modified, affirmed, with $25 costs to the appellant in this court and with appropriate costs to the plaintiff in the court below.

GUY and BIJUR, JJ., concur.

Judgment modified and, as so modified, affirmed, with twenty-five dollars costs to appellant.