In the Matter of the Estate of JOSEPHINE TARDIBONE, Deceased.

Surrogate's Court, Cayuga County, October 21, 1949.

*Max Goldman* and *William Goldman* for Sam Tardibone, as administrator of the estate of Josephine Tardibone, deceased, petitioner.

*Michael Tardibone* and others, respondents in person.

SEARING, S.  It appears from the testimony taken at several hearings in this discovery proceeding, that the decedent left the sum of $2,550, which came into the possession of her surviving husband, Mario Tardibone.  He did not use any of it but hid it from place to place until his son Michael Tardibone and daughter Louise De Foe prevailed upon him to turn it over to them, Michael taking $1,050 and Louise taking $1,500.

This money appears to be an accumulation of moneys brought to the mother by the members of the family in various amounts

and at various times to be used and expended by the mother for general family expenses. No part of said sum was defined by either this son or daughter as absolutely belonging to them respectively.

It is the conclusion of the Surrogate that this amount of $2,550 should be considered part of the decedent's estate and should be returned or paid to the administrator to be administered and distributed according to statute.

There is also presented to the court another problem.

It appears that during October or November, 1948, almost two years after the death of the intestate mother, another daughter, Mary Ann Bradshaw, found three bags containing $950, sewed in a blanket which was in a trunk of linens, blankets and other materials which had been deceased's.

This sum of money the administrator claims as part of the estate.

From the evidence it appears that the daughter, Mary, was the youngest child of the deceased and unmarried at the time of her death, and that for sometime prior to her death she had designated this trunk as the '' Hope Chest '' for this daughter in which she placed materials from time to time, including the blanket in question, which she explicitly stated her daughter was to have.

The trunk or chest as it was called, eventually came into the possession of this daughter sometime after the death of the mother, still containing the blanket.

The testimony bears out the fact that this trunk or chest was called and considered Mary's '' Hope Chest ''.

Webster's Collegiate Dictionary defines a '' Hope Chest '' — '' A chest or box in which a young woman accumulates an outfit of clothing, linen, etc., in anticipation of her marriage.''

From time immemorial it has been a custom for a prospective bride or a young lady with the expectation of matrimony to accumulate by herself or by gifts from others, materials in that anticipation. So was the instant case. The mother most particularly designated the blanket in question as belonging to her daughter Mary and whatever the mother permanently sewed into it would pass with it to the daughter, namely, the $950 in the three bags.

The administrator contends that this did not constitute a gift *causa mortis*. The court agrees with this.

It is also contended that this did not constitute a gift *inter vivos,* for the reason there was not a delivery or acceptance.

The court holds that where a so-called " Hope Chest " is designated by a mother for her daughter in anticipation of marriage and she places articles therein for that purpose there is thereby made a symbolical delivery and the child recognizing the fact makes an implied acceptance, even though articles are taken out and replaced from time to time. (26 C. J. S., Delivery, p. 698.)

A less positive and unequivocal proof is required to establish a delivery of a gift from parent to child than as between persons not so related and in cases where there is no suggestion of fraud or undue influence, very slight evidence will suffice. (28 C. J., Gifts, p. 678.)

A gift need not be positively proved; it may be inferred from circumstances.

In this case where the death of the donor intervened before the anticipated marriage of the daughter, the sole control of the " Hope Chest " rested on the daughter, including the blanket in which was sewed the said sum of money.

It was the definite intention of the decedent that the said sum of money should belong to her daughter Mary.

The application that said sum of $950 be restored to the estate is hereby denied.