Joseph A. Cox, S.
The petitioner seeks payment of a general legacy of $5,000 bequeathed to him by the will of the testatrix. The executor defends the application upon the ground that the petitioner was indebted to the testatrix for an unpaid principal sum of $5,000 which constitutes a setoff against the legacy.
The fact that the petitioner borrowed the sum of $15,000 from the testatrix and repaid the sum of $10,000 is undisputed. The petitioner contends that the unpaid amount of $5,000 was forgiven by the testatrix as a gift to him on his birthday with the result that his total indebtedness on the loan was reduced to $10,000. This gift of a portion of the debt purportedly was made during the time the petitioner was making periodic repayments on account of the loan and, by reason of this partial forgiveness, the periodic repayments continued only until a principal amount of $10,000 was repaid.
*628 There was testimony to the effect that the testatrix had said she had forgiven a portion of the debt and that payment of the unforgiven balance had been made. The witness so testifying had no knowledge as to the exact amount of the loan nor as to the amount of the purported gift. Another witness testified that the testatrix stated that she had forgiven $5,000 of the debt on the borrower’s birthday and he later paid the unforgiven balance.
If the testimony is to be accepted as credible, a question of law remains as to whether a gift of a debt may be effectuated by parol. The authorities in this State, as well as the weight of authority generally, are to the contrary (37 A. L. R. 1144; 84 A. L. R. 383; 63 ALR 2d 264). In Van Cleef v. Maxfield (103 Misc. 448, 451) the court stated:
“ ‘ The rule has long been that no merely oral declaration will transform a debt into a gift. ’ Schouler Pers. Prop. (2d ed.) § 97; Pars. Cont. (9th ed.) 255; Bish. Cont. § 82.
“ Kent (2 Com. 439), speaking of the delivery essential to a gift, says: ‘ Delivery in this, as in every other case, must be according to the nature of the thing. It must be an actual delivery, so far as the subject is capable of delivery. It must be secundum subjectam materiam, and be the true and effectual way of obtaining the command and dominion of the subject. If the thing given be not capable of actual delivery, there must be some act equivalent to it. The donor must part, not only with the possession, but with the dominion of the property. If the thing given be a chose in action, the law requires an assignment or some equivalent instrument, and the transfer must be actually executed. ’ Mace v. Thayer, 51 App. Div. 121; Grafting v. Irving Savings Inst., 69 id. 566; Doty v. Willson, 5 Lans. 7; Davis v. Davis, 104 N. Y. Supp. 824; Matter of Gregg, 11 Misc. Rep. 153; MacKenzie v. Harrison, 120 N. Y. 260. ”
The holding in the cited decision, that some evidence of gift other than a mere oral statement of the creditor-donor is essential to accomplish the forgiveness of a debt, was affirmed (Van Cleef v. Maxfield, 186 App. Div. 906). Like holdings are found in Doty v. Wilson (5 Lans. 7); Doty v. Willson (47 N. Y. 580); and Cohen v. Cohen (107 Misc. 635). In Doty v. Willson (47 N. Y. 580, 583, supra) the court said: ‘ ‘ The learned judge who delivered the opinion of the court below is undoubtedly correct in the rule of law that if the defendant, at the time the money was delivered, then became the debtor of the testator, and that it was so intended by both parties, a mere parol declaration afterward would not transform the debt into a gift
Upon a second trial in Van Cleef v. Maxfield (supra), in which the issue was not the forgiveness of a debt but whether the *629 initial transaction constituted a gift and not a loan, the Appellate Division emphasized this distinct issue and quoted at some length from the opinion in Doty v. Willson (Van Cleef v. Maxfield, 196 App. Div. 734, 739).
It appears that an oral forgiveness of a debt may be legally operative if subsequent action of the debtor, in reliance on the creditor’s statement, gives rise to a promissory estoppel (Millett v. Temple, 280 Mass. 543, 84 A. L. R. 383); but the facts of the instant case do not permit application of that theory.
The cited authorities, relying on an ancient rule which has obtained acceptance largely through repetition, may not be expressive of a realistic approach to fact situations and it would seem that a more honest result could be reached by making the determination rest upon the credibility of the proof (cf. 5A Corbin, Contracts, § 1240). It is said that the rule exists for the public good and is needed to avoid fraud and perjury (Matter of Van Alstyne, 207 N. Y. 298, 308), an excuse which could evidence a lack of confidence in the ability of our courts to evaluate trial proof. But it is not the prerogative of this court to depart from the precedents established by courts of superior jurisdiction.
The petition is dismissed. Submit order on notice.