Leonard H. Sandler, J.
Plaintiff, father of the defendant, moves for summary judgment on his action to recover the balance allegedly due him on a loan made to his son some years ago.
Resolving as we must all disputed factual issues in favor of the party resisting summary judgment, the facts for the purposes of this motion are as follows.
On February 1, 1965, the father lent $5,000 to his son in response to a request for the money in order to purchase a painting for resale. A check was drawn at plaintiff’s request on the bank account of the Savoy Art and Auction Galleries (Savoy), a business owned by plaintiff, and then given to his son. No note or other evidence of the transaction was requested or executed.
On February 2, 1966 and February 9, 1966, the son made two partial repayments in the amount of $250 each. In connection with a third payment in the same amount on April 8, 1966, the father stated that he required for business purposes written evidence that his advance was a loan from the Savoy. The son responded by enclosing with the April 8, 1966 payment a statement on his letterhead addressed to the Savoy, acknowledging that there had been a loan from the Savoy of $5,000, noting the time and amount of the partial repayments, and stating accurately the balance due as $4,250.
Thereafter, on or about May 8, 1966, the son determined to discharge the debt, met with his father, and gave him a personal check to his order in the amount of $4,250. After receiving the check, the father returned it to his son and said ‘ ‘ that he forgave the whole obligation and wanted me to have the balance due thereon as a gift because I had three young children to support and needed the money more than he did. ’ ’
*94 Between May, 1966 and the commencement of this lawsuit in April, 1971, the father said nothing further with respect to the balance of the loan, and made no demands for repayment.
The question thus presented is whether an effective gift of the balance of an obligation is made when the lender receives a check to his order for the full amount, returns it with words conveying clearly an intent to forgive the debt, and makes no further demand for payment for a period of some years. Although the issue presents conceptual and practical problems of real difficulty, I am persuaded that this question should be answered in the affirmative and that the motion for summary judgment must, accordingly, be denied.
For reasons not at all hard to comprehend, disputes concerning gifts and purported gifts have been a prolific source of litigation. The basic principles governing such disputes were established quite early in our jurisprudence (2 Kent’s Commentaries 439; Gray v. Barton, 55 N. Y. 68 [1873]), and have been repeated with very little variation right up to the present.
A quite familiar summary appeared recently in Matter of Szabo (10 N Y 2d 94, 98 [1961]): “ The requisites for a valid gift inter vivos are simple: there must be an intent on the part of the donor to give; there must be a delivery of the property given pursuant to such intent; and there must be acceptance on the part of the donee. * * * The delivery required must be such as to vest the donee with control and dominion over the * property but this requirement must be tailored to suit the circumstances of the case. * * * ‘ The delivery necessary to consummate a gift must be as perfect as the nature of the property and the circumstances and surroundings of the parties will permit’.”
It is immediately apparent from any inquiry into the evolution of these rules that they were significantly affected by the circumstance that claims of gift frequently occurred after the death of the purported donor, under conditions which augmented the possibility of fraud. As is not uncommon in such matters, however, the rules did not explicitly distinguish between controversies occurring after the death of the purported donor, and controversies occurring when he was alive and could testify directly as to what happened.
Two major policy objectives are apparent in the law in this area. The first of course is to insure that no one shall be charged with a gift as the result of a passing thought, feeling or expression, and that gifts will be sustained only where the donative intent is clear and confirmed by decisive action that underlines *95 the settled purpose of the donor. The second objective, which is much less equitably and consistently achieved by the stated rules, is to condition the finding of a gift on the presence of certain kinds of objective evidence. The effort to achieve this latter aim has been subjected recently to persuasive criticism on the ground that it needlessly limits the capacity of the trier of fact to determine the .truth. (Matter of Stein, 50 Misc 2d 627; 5A Corbin, Contracts, § 1240.)
The application of the cornerstone principles to disputes concerning forgiveness of obligations has presented special problems, resulting in a quite distinct body of rules. In general, and with additions and qualifications not necessary to amplify, it has been held that where the debt is evidenced by a written instrument, a gift of the debt may be accomplished by the cancellation of the instrument and its transfer to the donee, or its destruction with intent to make a gift, or by a written release or a receipt. (Ann. 63 ALR, 2d 259, 263-264, Gift of Debt to Debtor; 25 N. Y. Jur., Gifts, § 38.) Where the debt is not evidenced by a written instrument, it is often said that “ no mere words alone * * * suffice to constitute delivery.” (Cohen v. Cohen, 107 Misc. 635, 637; Doty v. Willson, 47 N. Y. 580, 583).
A related statement sometimes made, but one quite distinct in principle and far less soundly based in the decided cases, is that a debt not evidenced by a written obligation may be forgiven only by a release, receipt or other equivalent instrument in writing. (Ann. 63 ALR 2d pp. 263-264; 25 N. Y. Jur., Gifts, § 38.)
Preliminarily, I am of the view that the debt here should not be deemed one evidenced by a written obligation for purposes of applying the above rules. The statement signed by the son was clearly intended to be part of the records of the Savoy, and was not a document of the kind that would normally be surrendered to the debtor either on payment or forgiveness.
In considering the assertion made in some cases and by some commentators that an unevidenced obligation can only be forgiven by a release, receipt or other written instrument, it is significant that there have been only a small number of reported cases involving such obligations in the entire country, that of those only a couple have involved the problem here presented or anything comparable to it, and that there appears to be no recorded case posing the issue here raised in New York. (See the discussion in Cohen v. Cohen, supra; Ann. 63 ALR 2d, Gift of Debt to Debtor, §§ 9, 12 [c].)
Interestingly, the few cases involving the question presented here are divided between several older English cases, which *96 uphold the claim of a gift, and a very few American cases, which deny the claim. (See Yeomans v. Williams [1865], 55 Eng. Rep. 844; Strong v. Bird [1874], L. R. 18 Eq. 315; Richards v. Syms [1740], 27 Eng. Rep. 567. Contra, Sullivan v. Shea, 32 Cal. App. 369 [1916]; Young v. Rower, 41 Misc. 197 [1866].)
So far as New York is concerned, the issue appears to be one of first impression, open for fresh evaluation.
An appropriate starting point for analysis is the fact that the gift of the obligation here alleged would undoubtedly be sustained if the son had given cash to his father and his father had returned it with the same language attributed to him. Such a return of money would be a perfect form of transfer. Indeed, in the Cohen case (supra), the court, quoting from an English case, described just such an event as an illustration of an effective gift of a debt.
I can see no serious basis in law, reason or policy for reaching a contrary result when the debtor, in accordance with the common usages and realities of modern life, presents a check in discharge of the obligation in lieu of cash. Such a proffer is surely not to be confused with the familiar rule that a gift of a check by the donor is not consummated until the check is cashed.
The function of a check given in discharge of an obligation is quite different. It represents a serious effort to discharge an obligation in the most appropriate way under the circumstances, apd the return of the check in the manner alleged is an act as serious, as calculated and as meaningful as would have been the return of cash.
Even if the obligation here were to be considered one evidenced by a written instrument, because of the statement to the Savoy from the son described above, the same conclusion would seem to me to follow.
Surely the check for the amount of the remaining obligation was a more significant embodiment of that obligation than the earlier written statement, and its return to the son was the most natural and appropriate means available to the father to forgive the debt.
Some concern may no doubt be occasioned by the thought that there is no objective evidence that the transaction ever occurred, and that this ruling may open the way to fraud and perjury. But the same could have been said with equal force if the son had claimed that cash had been tendered and returned — and no one would question the legal sufficiency of such an assertion. Indeed, as a practical matter, a claim that cash was offered and returned would be inherently less credible than the event described here.
*97 More broadly, the possibility of fraud and perjury is equally present whenever a debtor claims to have discharged a debt by payment in cash, and has no receipt or written instrument to confirm payment. The courts have proved quite capable, in my view, of determining where the truth lies in such situations • — and I see no reason to doubt their competence in this closely related field.
Moreover, there is present here a separate circumstance that provides an apparent source of objective confirmation of considerable weight. It is claimed by the son, and must be accepted as true on this motion, that no demand was made on him for the unpaid balance for five years following the alleged gift of the debt.
In a most thoughtful opinion, the Supreme Judicial Court of Massachusetts held that a parol statement of forgiveness of part of a debt, unaccompanied by any transfer, but followed by a prolonged period of years during which no demand was made, is sufficient to establish the gift of the debt. (Millett v. Temple, 280 Mass. 543.)
It is not necessary to adopt that principle here, although I find the reasoning quite persuasive. It surely suffices to say that the offer and return of the check alleged here, accompanied by words expressing a donative intent, and followed by five years in which no demand was made would, if credited by the trier of facts, constitute an effective gift of the debt.
This conclusion would seem to me correct quite apart from the fact that the concerned parties are father and son. That relationship of course lends additional support to the result here reached. (Matter of Tardibone, 196 Misc. 738.) It is difficult to read extensively the cases in this area without quickly perceiving that the courts have consistently applied to the claim of a family gift a distinctly more sympathetic standard than otherwise. (Doty v. Willson, 47 N. Y. 580, supra; Van Cleef v. Maxfield, 196 App. Div. 734 [2d Dept., 1921]; Maclay v. Robinson, 91 Hun 630 [1st Dept., 1895]; Matter of Lewis, 139 Pa. 640 [1891]; Giese v. Giese, 242 Wisc. 581 [1943].)
For the reasons set forth above, plaintiff’s motion for summary judgment is denied.