Donald E. GARTIN, Executor of the Estate of John L. Gartin, and Ora L. GARTIN, by Gilbert Gartin, Her Conservator, Appellees,

v.

Carol Ann TAYLOR, Appellant.

No. 96–470.

Supreme Court of Iowa.

April 22, 1998.

---

Patrick W. Driscoll of Stanley, Lande & Hunter, P.C., Davenport, for appellant.

Murray W. Bell of Newport, Bell, Leon & Ramirez, Davenport, for appellees.

Considered by LARSON, P.J., and CARTER, SNELL, ANDREASEN, and TERNUS, JJ.

CARTER, Justice.

The appellant, Carol Ann Taylor, appeals from a judgment rendering her legally liable to repay a $16,000 loan from her parents. She defended against this claim by asserting that the loan had been forgiven as a gift. The district court rejected that contention on the ground that there was an absence of delivery necessary to render the alleged gift irrevocable. The court of appeals disagreed with that contention and found that a constructive delivery had occurred. After reviewing the record and considering the arguments presented, we vacate the decision of the court of appeals and affirm the judgment of the district court.

The claim made against appellant in this action is that on April 6, 1989, her parents, John and Ora Gartin, had loaned her the sum of $16,000. There was no promissory note accompanying the transaction. Appellant made three payments against the amount owed. These occurred on May 13, 1989, June 11, 1989, and July 12, 1989. The first two payments were in the sum of $324.42, and the third payment was in the sum of $390.61. Thereafter, no additional repayment of the loan was made.

In June 1993 both John and Ora were placed under conservatorship. In April 1994 the conservator commenced this action against appellant, seeking to recover the un-

paid balance of the $16,000 loan. After John died in June 1994, his executor was added as a party plaintiff.

In defending against the action, appellant contended that she had been advised by her parents in July 1989 that this loan had been forgiven and she need make no further payments with respect thereto. Appellant's husband, Gene Taylor, testified that he had received a similar assurance in August 1989. In addition to this testimony, appellant presented a diary entry that Ora had made in July of 1989, indicating "Dad doesn't want her sending checks to repay us."

On September 24, 1993, John Gartin made a will that recognized an obligation on appellant's part to repay this $16,000 loan plus interest. That will imposed a time deadline for repayment of the loan subject to a penalty of being disinherited. In a later will, John did disinherit appellant. Ora Gartin testified at trial and expressed an intention to collect the obligation from appellant.

The district court concluded that, even if appellant's parents did advise her that the loan had been forgiven and intended that to be the case, that act was not rendered irrevocable in the absence of an actual or constructive delivery of the resulting gift. The court found and concluded that the evidence was insufficient to establish such delivery and that appellant's parents were legally entitled to change their minds about enforcing appellant's obligation and had done that. In so holding, the district court stated:

> The court is sympathetic to Carol's position, based on clear evidence of donative intent by her parents. If a valid gift of forgiveness of the loan could be established, it would be irrevocable. The fact that Carol and her parents later developed a strained relationship could not divest Carol of the gift of the loan balance. The gift would be a defense in these proceedings. However, the clear weight of legal authority requires either an instrument in writing to effectuate donative intent when the underlying obligation is oral, or evidence of acts or conduct which operated to place the debt beyond the control of the donors. Here, no such evidence has been presented.

The court of appeals reversed the decision of the district court and held that appellant's obligation to her parents had been discharged by means of a completed gift.

### I. *Whether the Obligation Was Discharged by a Completed Gift.*

■ In reversing the district court's judgment, the court of appeals relied in part on our decision in *Carlson v. Bankers Trust Co.,* 242 Iowa 1207, 50 N.W.2d 1 (1951). It placed particular emphasis on the following language from that opinion.

> There may be a constructive or symbolic delivery where manual tradition cannot be made either from the nature of the subject or its situation at the time. . . .

> It is well settled that declarations of the donor in the nature of admissions against interest, subsequent to the alleged gift, are admissible as evidence thereof. Delivery may be inferred from such declarations.

*Carlson,* 242 Iowa at 1216, 50 N.W.2d at 6. Our reading of the *Carlson* opinion indicates that the foregoing statement applies to proof of delivery of tangible property by circumstantial evidence, including statements of the parties involved. As such, the *Carlson* case pertains to the method of proving that delivery of tangible personal property has in fact occurred, rather than representing a relaxation of the requirement that there be a delivery.

■ Consideration is not necessary to support a gift provided that there has been execution, delivery, and acceptance. *Stonewall v. Danielson,* 204 Iowa 1367, 1371, 217 N.W. 456, 458 (1928). In *Frederick v. Shorman,* 259 Iowa 1050, 1057, 147 N.W.2d 478, 483 (1966), we recognized that less positive proof is required to establish gifts between parent and child, but nothing in that decision abrogates the requirement of delivery in order that there be an irrevocable gift.

The court of appeals concluded that the delivery requirement for a completed gift was satisfied by the written notation in Ora's diary. We are persuaded that this is not the case. The diary entry is only that which it purports to be, *i.e.,* an acknowledgment that John Gartin and perhaps Ora Gartin intend-

ed to forgive appellant's indebtedness at the time the diary entry was made. As such, it only shows the intention of the obligees, which, standing alone, is insufficient to establish an irrevocable discharge of the obligation.

Appellant urges us to abrogate any requirement of delivery with respect to a gift of an intangible chose in action. It urges that that result is supported by the decision of the Nebraska court in *Guardian State Bank & Trust Co. v. Jacobson,* 220 Neb. 235, 369 N.W.2d 80 (1985). The decision in the Nebraska case did not involve an issue of delivery so as to extinguish a debt owed the original obligor. It involved, rather, a transfer of the chose in action to a third party, and although expressing a relaxed view as to proof of delivery of an intangible asset, the court nonetheless required that such proof be "as nearly perfect and complete as the nature of the property and the attendant circumstances will permit." *Jacobson,* 369 N.W.2d at 84.

■ We are not persuaded that the requirement of delivery should be eliminated with respect to establishing the discharge of duties not based on a legal consideration. To do so would substantially abrogate traditional contract principles. As the Restatement (Second) of Contracts states:

Except as stated in §§ 274–77 [pertaining to specific situations not applicable here], an obligee's manifestation of assent to a discharge is not effective unless

(a) it is made for consideration,

(b) it is made in circumstances in which a promise would be enforceable without consideration, or

(c) it has induced such action or forbearance as would make a promise enforceable.

Restatement (Second) of Contracts § 273 (1981). Subparagraph b of section 273 refers to agreements made under seal. Such agreements have been abolished in this jurisdiction. Iowa Code § 537A.1 (1995).

■ The Restatement further provides:

(1) A release is a writing providing that a duty owed to the maker of the release is discharged immediately or on the occurrence of a condition.

(2) The release takes effect on delivery as stated in §§ 101–03 and, subject to the occurrence of any condition, discharges the duty.

Restatement (Second) of Contracts § 284 (1981). Sections 101, 102, and 103 of the Restatement referred to in the material last quoted all pertain to delivery of written instruments. The Restatement only recognizes oral discharges of contractual obligations if the discharge is supported by a legal consideration. If the discharge is not supported by a legal consideration, section 284 requires the delivery of some instrument in writing.

Our cases recognize that a loan of money pursuant to an agreement to repay same is a contractual transaction. *Farmers Bank of N. Missouri v. Erpelding,* 555 N.W.2d 222, 226 (Iowa 1996); *Federal Land Bank v. Woods,* 480 N.W.2d 61, 66 (Iowa 1992). Although the chose in action that arises from that contract is property and may be owned and transferred, we believe that the extinguishment of a contractual obligation between the original parties thereto should turn on contract law. Appellant's attempt to treat it under property law is based on the theory that the chose in action is gifted back to the obligor and thus merges all aspects of the transaction under the obligor's control. We believe that in most instances, including the present case, that is a legal fiction that should not be permitted to abrogate the rights of the obligee under applicable contract law. Moreover, even if the transaction is viewed as a transfer of the chose in action rather than a release of the chose in action, the Restatement requires a delivery of "a writing of a type customarily accepted as a symbol or as evidence of the right assigned." Restatement (Second) of Contracts § 332(1)(b).

The appellant has cited no authority in which an oral release of an existing contractual obligation not supported by a legal consideration has been held to be effective. In the case of *Spanierman v. Spanierman,* 67 Misc.2d 93, 322 N.Y.S.2d 791 (N.Y.Civ.Ct. 1971), the discharge of a father's loan to his son was predicated upon the son's tender of a

check for the unpaid balance and the father's subsequent return of the check uncashed to the son. We believe a proper analysis of that case is that the original debt was discharged by the delivery of the check and that the obligation represented by the check was returned to the son by physical delivery of a negotiable instrument. The case *Millett v. Temple*, 280 Mass. 543, 182 N.E. 921 (1932), relied on by appellant, although approving the discharge of a debtor's obligation to a creditor by a parol acknowledgment, is based on circumstances under which the discharge was based on a legal consideration from the debtor to the creditor.

The consideration between the debtor and the creditor in the *Millett* case was the action by the debtor in allowing the creditor to live in his home without paying a proper share of the expenses. Appellant suggests that a similar result should be reached in the present case because, for an eleven-month period in 1992 and 1993, her parents John and Ora had lived with her. We believe this situation is distinguishable from that in the *Millett* case, however, because there the oral release of the obligation was contemporaneous with the furnishing of food and shelter. In the present case, appellant's furnishing of bed and board came long after the alleged forgiveness of the obligation. The providing of such services was in fact more contemporaneous with her parents' reassertion of the obligation than with their alleged statements forgiving the debt. We conclude that the district court correctly found that any expression of intention by John or Ora to discharge appellant's obligation to them on the $16,000 loan was not irrevocable and that their executor and conservator may assert that claim in the present action.

### II. *Allowance of John L. Gartin's Wills as Evidence of Intent.*

■ Appellant also contends the district court erred in allowing John L. Gartin's wills as evidence of his intent to assert the present claim against her. This objection was based on grounds of hearsay and relevancy. We believe that these writings were properly received to prove the declarant's intention concerning appellant's debt to him at the time the statements were made. As such, they fall under the rule of admissibility contained in Iowa Rule of Evidence 803(3). That rule provides:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> ....
>
> (3) ... A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

Rule 803(3) applies both when the declarant is available and when the declarant is not available. Although it does not allow statements of memory to prove the fact remembered, it does allow statements evidencing existing state of mind when that state of mind is relevant to the issues. In the present case, such evidence is relevant to rebut the alleged intent to forgive the debt.

We have considered all issues presented and conclude that the decision of the court of appeals should be vacated and the judgment of the district court affirmed.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**