Considered by STERNHAGEN and ARUNDELL.

---

CORA B. BEATTY, EXECUTRIX, ESTATE OF JOHN W. BEATTY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7360.   Promulgated July 26, 1927.

The petitioner has failed to prove that certain payments received by decedent were gifts rather than taxable income.

*W. D. Stewart, Esq.*, for the petitioner.
*Albert S. Lisenby, Esq.*, for the respondent.

Income taxes in the amount of $284.12 for the calendar year 1922 are in controversy. The Commissioner determined that $2,999.98, received by John W. Beatty during 1922, was compensation in recog-

nition of past services and therefore taxable income, whereas the petitioner contends that the amount was a gift.

### FINDINGS OF FACT.

The petitioner is the duly appointed, qualified and acting executrix of the Estate of John W. Beatty, who died September 29, 1924. John W. Beatty had been Director of the Department of Fine Arts of the Carnegie Institute of Pittsburgh for at least 30 years prior to July 1, 1922. The trustees and the people of Pittsburgh were very grateful to him for the splendid work he had done.

In 1922, Beatty was about 75 years of age. His health had been failing for some years and was interfering with the execution of his official duties, one of which was to make an annual trip abroad to collect paintings for the Institute's Annual International Exhibition. He had been unable to make the trip in the preceding year and early in 1922 it became evident to the trustees of the Institute that he was not and probably would not be able to make this trip again. At that time he had been away from his office for several months on account of ill health.

On June 27, 1922, the trustees of the Institute adopted the following resolutions:

*Resolved,* That John W. Beatty, Director of the Department of Fine Arts, is hereby retired from active service, and as a recognition of his valued and honored labors the Board hereby appoints him Director Emeritus of the Department of Fine Arts, effective July 1, 1922.

*Resolved,* That the Board hereby authorizes the payment to John W. Beatty, Director Emeritus of the Department of Fine Arts, of an honorarium of $500.00 a month until further order of this Board, effective July 1, 1922.

The Institute had no pension system for its employees and had never held out the promise of a pension to any one. Beatty had never requested retirement. He had no contract or agreement of any kind which entitled him to any compensation after July 1, 1922, other than the above resolutions. After that date he had no assignment of duties, and performed and was expected to perform no service of any kind for the Institute. He was not thereafter provided with office space.

As director his salary had been $10,000 per year. Under the resolution of June 27, 1922, he received to the end of that year $2,999.98. He reported as income $5,000 as salary received during the first six months of the year.

The Institute filed an information return in which it reported the payment of $7,999.98 as salary to Mr. Beatty during 1922. The Commissioner added to his reported income the $2,999.98 received by Mr. Beatty from July 1 to the end of the year 1922.

108346°—28——49

MURDOCK: The question to be decided in this case is whether the $2,999.98 paid to Beatty during the latter half of 1922, was taxable income, or whether it was a gift and therefore not taxable.

A gift has been defined as a valid transfer of property from one to another without consideration or compensation therefor. *Noel* v. *Parrott*, 15 Fed. (2d) 669; *Gray* v. *Barton*, 55 N. Y. 68; *Curriden* v. *Chandler*, 79 N. J. 269; *Appeal of Estate of David R. Daly*, 3 B. T. A. 1042. To establish a gift there must be an intention to make the gift, a change in possession in accordance therewith, and an acceptance by the donee. *Farmers' Loan & Trust Co.* v. *Winthrop*, 207 App. Div. 356; 202 N. Y. S. 456; *Appeal of Estate of David R. Daly*, *supra*.

" Although it has been held that the motive accompanying a gift is not material, gifts usually proceed from the generosity of the giver; and, where there is any doubt as to the nature of the transaction, the absence of such motive is a pertinent circumstance for consideration." *Noel* v. *Parrott*, *supra*.

In this latter case it was held that past services may be a consideration for a transfer of property from one to another and that the transfer may be by way of compensation for services previously rendered and for loss sustained in the termination of the employment. It was also held that directors have no authority to give away corporate assets and that for them to do so would be an illegal misapplication of corporate funds and that it must be assumed that directors have not intended such a flagrant violation of their trust. See cases there cited.

It is now settled that within the meaning of the Revenue Acts, " income may be defined as gain derived from capital, from labor, or from both combined, including profit gained from the sale or conversion of capital." See *Bowers* v. *Kerbaugh Empire Co.*, 271 U. S. 170, wherein other authorities are cited. " In determining what constitutes income, substance rather than form is to be given controlling weight." *Bowers* v. *Kerbaugh Empire Co.*, *supra*; *Eisner* v. *Macomber*, 252 U. S. 189.

The facts in this case do not convince us that the Commissioner has improperly construed the law, or that he has committed error in his determination of the tax liability of this petitioner.

It is apparent that the trustees approached the problem of Beatty's retirement with great reluctance. They appreciated his past services and they also appreciated the fact that it was necessary for them to select another man for his place who was physically able to carry on the good work of the Department. They had not yet put into effect any system of pensions. In this dilemma they passed

the resolutions quoted in our findings of fact. By these resolutions they gave him an honorary title and as a recognition of his valued and honored labor they paid him $500 a month. He accepted these things. The resolutions retired him from actual service, but his name was still connected with the Department of Fine Arts of the Institute and he was still on the pay roll. We are unable to say that the payments were without consideration, or that they did not represent gain derived from labor, or that they were not properly included in income.

Reviewed by the Board.

*Judgment will be entered for the respondent.*