*255 OPINION.
Van Fossan:
Whether or not a payment is a gift under the law depends upon the intention of the parties and the facts and circumstances surrounding the transaction. Counsel for respondent, addressing himself to the question of intention, observed at the hearing that “ the corporate resolution is the best evidence and speaks for what the intention was.” In the absence of facts or circumstances which discredit the intention expressed by the corporate resolution, it is certainly entitled to great weight. Applying such a test here *256 the intention to make a gift is clear and conclusive, nor do we find anything in the record to negative the intention expressed by both the stockholders and the directors of the corporation. On the contrary there is much in corroboration.
The corporation charged the payment to surplus rather than as an expense and in its tax return did not claim the payment as a deduction from income. The payment was authorized by the action of both the stockholders and the directors. Petitioner devoted only part of his time to the corporation and had completed ten years of successful incumbency in the office of president.
The facts in this case are even more favorable to the petitioner than those in David R. Daly, 3 B. T. A. 1042, in which case we held the payment to be a gift. The facts also clearly distinguish the case from John H. Parrott, 1 B. T. A. 1, relied on by respondent.
The respondent was in error in adding the payment to income.
Reviewed by the Board.

Judgment will be entered for the petitioner.

Murdock, dissenting: The so-called “ gift ” received by Rosseter was, in the final analysis, compensation received for services. Whether it was for past, present, or future services, or whether elements of each formed part of the consideration, it was income within the meaning of that term as used in the Revenue Act. Eisner v. Macomber, 252 U. S. 189; Bowers v. Kerbaugh Empire Co., 271 U. S. 170; Noel v. Parrott, 15 Fed. (2d) 669; and Cora B. Beatty, Executrix, 7 B. T. A. 726.
SteRNI-iagen and Siefkin agree with this dissent.