APPEAL OF ESTATE OF DAVID R. DALY.

Docket No. 1373.    Submitted November 30, 1925.    Decided March 30, 1926.

Certain payments made to the decedent *held* to be gifts.

</div>

*Parke A. Galleher* and *Henry T. Stetson, Esqs.*, for the taxpayer.
*A. Calder Mackay, Esq.*, for the Commissioner.

<div align="center">Before MARQUETTE, MORRIS, GREEN, and LOVE.</div>

This is an appeal from the determination of deficiencies in income taxes for the years 1917 and 1918 of $21,808.73 and $6,157.77, re-

spectively, arising from the inclusion in the decedent's gross income for those years of $60,000 and $12,000, received by him from J. H. Gautier & Co.

## FINDINGS OF FACT.

J. H. Gautier & Co. is a New Jersey corporation, having 1,600 shares of common capital stock of a par value of $100 each, 200 shares of which were owned by David R. Daly during the years 1917 and 1918.

During the first part of the year 1917 Daly was vice president and general manager of the corporation, and from April, 1917, through 1918, he was president and received a salary of $20,000 annually. During the years 1917 and 1918 he was one of three members of its board of directors. The board of directors of said corporation held a meeting on June 12, 1917, at which Daly and D. G. Gautier were present. The following resolution was passed:

On motion of Mr. Gautier, seconded by Mr. Daly, the following gifts were ordered paid as of June 20th—David R. Daly, $40,000 * * *.

At a meeting held December 31, 1917, the board of directors, the same two directors being present, passed the following resolution:

On motion of Mr. Daly the following distribution of gifts be made—to David R. Daly, $20,000 * * *.

On July 17, 1918, the board of directors again held a meeting, at which time there were present Daly, Gautier, and Walter C. Witherbee. At this meeting the following resolution was passed:

On motion of Mr. Daly the following gifts were distributed—David R. Daly $12,000 * * *.

Under the above resolutions 12 other employees received payments in various amounts. The payments thus authorized were made by the company to the persons designated in the resolutions.

The decedent received from the company, by virtue of the resolutions of its board of directors hereinbefore described, the sum of $60,000 during the year 1917 and $12,000 during the year 1918. He was the only one of the 13 persons in the employ of the company designated in those resolutions who owned stock of the corporation, his holding being 12½ per cent of the outstanding capital stock. These payments were charged upon the company's books to " surplus " and " profits " accounts and the company did not deduct them in making up its income-tax returns for 1917 and 1918. During the years 1915 and 1916 J. H. Gautier & Co. made small annual payments to certain of its employees and some officers, which payments were in addition to their fixed salary and were considered as deductions from gross income in its tax returns.

From April, 1917, until his death in February, 1919, Daly was seriously ill and unable to attend to the business of the company, except to attend the meetings of the board of directors. During the greater portion of this period he was under the care of physicians and trained nurses. His home was in Jersey City, N. J. The last six months of the year 1917 he was either in a hospital in New York City or in a sanitarium at Newfoundland, N. J. In May, 1918, he went to New Milford, N. J., where he remained until he died.

The decedent did not include in his income-tax return for the year 1917 the $60,000, nor for the year 1918 the $12,000, which he received from J. H. Gautier & Co. under the above resolutions, but treated them as gifts. The Commissioner included them in the decedent's income for the years in question as additional compensation.

### OPINION.

Morris: The question involved in this appeal is whether the amounts of $60,000 and $12,000, received by David R. Daly in the years 1917 and 1918, respectively, should be included in his gross income for those years under the provisions of section 2 (a) of the Revenue Act of 1916, as amended by section 1200 of the Revenue Act of 1917 and section 213 (a) of the Revenue Act of 1918. A gift has been judicially defined as " a valid transfer of his property from one to another without consideration or compensation therefor." *Gray* v. *Barton*, 55 N. Y. 68. The essential elements of a gift are an intention to give, a transfer of title or delivery, and an acceptance by the donee. Reviewing the evidence in this appeal, we find an actual delivery of the property and the acceptance by the donee. The intention may be ascertained from the resolutions of the board of directors and the subsequent treatment of the payments by the corporation. The three resolutions specifically designate the payments as " gifts," and the amounts thereof were posted in the corporate books to either the "profits" account or the " surplus " account, and were not treated as an operating expense of the business. This consistency of treatment was carried into the Federal tax returns of Gautier & Co. for the years 1917 and 1918, wherein the amounts were not claimed as a deduction from gross income. Such evidence is particularly strong in view of the fact that by such treatment the corporation deprived itself of a substantial deduction in the computation of its net income for tax purposes, without indirectly benefiting its majority stockholders, as the decedent was the only one of the 13 receiving such payments who was a stockholder. Viewing the evidence in the light of what we deem to be the essential characteristics of a gift, we are led to the conclusion that the payments to the decedent were gifts and should not therefore be included in his gross income for the years in question.

The Commissioner contends that this appeal comes squarely within the *Appeal of John H. Parrott*, 1 B. T. A. 1, and *Appeal of E. B. Tousek*, 1 B. T. A. 1164, but in our opinion it is clearly distinguishable. Reverting again to one of the essential elements of a gift, namely, the intention to give, we find that factor entirely lacking in the *Tousek* appeal and only a faint indication of it in the *Parrott* appeal through the use of the words " gratuitous appropriation " in the resolution authorizing the payment. In both appeals, however, the intention to make a gift was negatived by the treatment of the payments by the corporations as compensation for services and therefore as deductible items from their corporate incomes.

*Order of determination will be entered accordingly.*