*1044 OPINION.
Moréis:
The question involved in this appeal is whether the amounts of $60,000 and $12,000, received by David R. Daly in the years 1917 and 1918, respectively, should be included in his gross income for those years under the provisions of section 2 (a) of the Revenue Act of 1916, as amended by section 1200 of the Revenue Act of 1917 and section 213 (a) of the Revenue Act of 1918. A gift has been judicially defined as “ a valid transfer of his property from one to another without consideration or compensation therefor.” Gray v. Barton, 55 N. Y. 68. The essential elements of a gift are an intention to give, a transfer of title or delivery, and an acceptance by the donee. Reviewing the evidence in this appeal, we find an actual delivery of the property and the acceptance by the donee. The intention may be ascertained from the resolutions of the board of directors and the subsequent treatment of the payments by the corporation. The three resolutions specifically designate the payments as “ gifts,” and the amounts thereof were posted in the corporate books to either the “profits ” account or the “ surplus ” account, and were not treated as an operating expense of the business. This consistency of treatment was carried into the Federal tax returns of Gautier & Co. for the years 1917 and 1918, wherein the amounts were not claimed as a deduction from gross income. Such evidence is particularly strong in view of the fact that by such treatment the corporation deprived itself of a substantial deduction in the computation of its net income for tax purposes, without indirectly benefiting its majority stockholders, as the decedent was the only one of the 13 receiving such payments who was a stockholder. Viewing the evidence in the light of what we deem to be the essential characteristics of a gift, we are led to the conclusion that the payments to the decedent were gifts and should not therefore be included in his gross income for the years in question.
*1045 The Commissioner contends that this appeal comes squarely within the Appeal of John H. Parrott, 1 B. T. A. 1, and Appeal of E. B. Tousek, 1 B. T. A. 1164, but in our opinion it is clearly distinguishable. Reverting again to one of the essential elements of a gift, namely, the intention to give, we find that factor entirely lacking in the Touseh appeal and only a faint indication of it in the Parrott appeal through the use of the words “ gratuitous appropriation ” in the resolution authorizing the payment. In both appeals, however, the intention to make a gift was negatived by the treatment of the payments by the corporations as compensation for services and therefore as deductible items from their corporate incomes.

Order of determination toill he entered accordingly.