Philomena C. Dosek v. Commissioner.
Dosek v. Commissioner
Docket No. 4051-66.
United States Tax Court
T.C. Memo 1971-160; 1971 Tax Ct. Memo LEXIS 172; 30 T.C.M. (CCH) 688; T.C.M. (RIA) 71160; July 6, 1971, Filed. Philomena C. Dosek, pro se, 623 S. 42ndst., Lincoln, Neb.Ronald M. Frykberg, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined the following Federal income *173 tax deficiencies and additions to tax against the petitioner: Addition to Tax Taxable
Sec. 6653(b) Year
Deficiency
I.R.C. 1954
1961
$ 201.73
$ 100.86
1962
586.52
293.26
1963
2,684.79
1,342.40
1964
2,833.85
1,416.93
Respondent has conceded all adjustments contained in the statutory notice with respect to the deficiencies and additions to tax determined for the taxable years 1961, 1962 and 1964. With respect to the year 1963 the respondent has conceded the $5,559.72 business income adjustment and the addition to tax under section 6653(b). This leaves two issues for our decision: (1) Whether petitioner and her husband realized income of $12,415.36 in 1963 from the discharge of an indebtedness; and (2) whether section 6013(e) [1] is applicable to relieve petitioner from liability for the tax in connection with the discharge of indebtedness. Findings of Fact Philomena C. Dosek (herein called petitioner) was a legal resident of Lincoln, Nebraska, at the time she filed her petition herein. Petitioner and her husband, Edward *174 A. Dosek, filed a joint Federal income tax return for the taxable year 1963 with the district director of internal revenue at Omaha, Nebraska. During 1958 and 1959 the petitioner and her husband borrowed money from and became indebted to August H. Fangmeier and Louise Fangmeier. The indebtedness was evidenced by four promissory notes executed and delivered to the Fangmeiers, as follows: Principal Date
Amount Executed
Executed by
of Note
Mar. 1, 1958
Edward A. and
Philomena C. Dosek
$20,000.00
Mar. 1, 1958
Edward A. Dosek
10,000.00
Oct. 22, 1958
Edward A. and
Philomena C. Dosek
13,500.00
Mar. 5, 1959
Edward A. Dosek
4,300.00
The promissory note in the principal amount of $20,000 was secured by a first mortgage upon certain real estate described as the East 10 feet of Lot 16 and all of Lots 17 and 18, Block 22, Kinney's O Street Addition to Lincoln, Lancaster County, Nebraska. The Doseks, in order to further secure the indebtedness which they owed, conveyed the property to the Fangmeiers by warranty deed dated October 18, 1960. On June 1, 1963, the Doseks were indebted to the Fangmeiers for the principal amount of $18,000 upon *175 the $20,000 note, $2,000 having previously been paid thereon. On the same date the Doseks were indebted to the Fangmeiers for the full principal amounts due on the remaining three notes, or a total of $27,800, no payments upon principal having been made. Also on June 1, 1963, the Doseks were indebted to the Fangmeiers for the amount of $1,615.36, which sum had been advanced by the Fangmeiers for the Doseks' benefit to pay the balance due on an F.H.A. improvement loan covering the real estate to the Union Bank, Lincoln, Nebraska. On June 1, 1963, the Doseks' indebtedness to the Fangmeiers was in the total amount of $47,415.36. On June 1, 1963, the Doseks and the Fangmeiers entered into a written Memorandum of Agreement which provided for the settlement and discharge of the indebtedness owing by the Doseks to the 689 Fangmeiers. Prior to execution of the agreement $5,000 had been deposited with the Fangmeiers' attorneys as a good faith deposit pending execution of the agreement. Of that amount, $2,357.91 was paid by mutual consent to redeem the real estate from tax sale and pay other taxes thereon, so that at the time of the agreement $2,642.09 was held in escrow. Under the *176 June 1, 1963, agreement it was contracted and agreed that: (A) The Fangmeiers would execute and deliver to Four Daughters, Inc., a Nebraska corporation being organized by the Doseks, a warranty deed conveying the real estate to the corporation and the Doseks would execute and deliver to the corporation their quitclaim deed conveying to the corporation any right, title and interest which they had in the real estate. (B) Simultaneous with the execution of the deeds, Four Daughters, Inc., would execute and deliver to the Fangmeiers its mortgaged deed covering the real estate, which mortgaged deed was to be a first and prior lien upon the property, together with the promissory note of the corporation which the mortgage secured, the mortgage and note to be in the principal amount of $26,357.91 and to be payable 10 years from June 1, 1963, with interest at the rate of 4 percent per annum upon the unpaid balance of principal from time to time remaining unpaid, payable semi-annually, and the principal of the note and mortgage to be payable at the rate of $1,317.89 semiannual beginning 6 months after the date of the note and mortgage and continuing each 6 months thereafter until the principal *177 sum was paid in full. The mortgage would contain a tax clause, provide that the mortgagor would maintain insurance in the full amount of the loan and contain the other usual provisions. (C) The sum of $2,642.09 held in escrow would be paid to the Fangmeiers. (D) The Doseks would pay the Fangmeiers the sum of $1,000 in cash. (E) The Doseks would deliver to the Fangmeiers 2,000 shares of stock in Securities Investors, Inc., a Nebraska corporation being organized by Edward A. Dosek, on or before 6 months from June 1, 1963, and in the event the stock was not delivered within that period, then the Doseks would pay the sum of $5,000 to the Fangmeiers in cash within 30 days after the expiration of the 6-month period. (F) The Doseks would pay all State, county and city taxes upon the real estate for the year 1962. (G) The Fangmeiers would accept the payment of the taxes, the sum of $2,642.09 in cash paid from the escrow, the sum of $1,000 to be paid in cash, the 2,000 shares of stock in Securities Investors, Inc., or the sum of $5,000 in cash in the event the stock was not issued within 6 months, and the promissory note and first mortgage in the amount of $26,357.91 in full *178 payment and satisfaction of all sums owing by the Doseks to the Fangmeiers. The promissory notes executed and delivered by the Doseks to the Fangmeiers were to be marked paid and surrendered to the Doseks, and the Fangmeiers were to release their mortgage dated March 1, 1958. The June 1, 1963, agreement was duly signed by August H. Fangmeier, Louise M. Fangmeier, Edward A. Dosek and the petitioner, notarized, and consummated. Petitioner did not actively participate in the negotiations leading to the June 1, 1963, agreement. She executed the agreement in reliance upon her husband's judgment and at his request.
Ultimate Findings 1. Petitioner realized taxable income in connection with the discharge of indebtedness in the amount of $12,415.36 in 1963. 2. The income in the amount of $12,415.36, which was entirely omitted from the joint income tax return of petitioner and her husband for 1963, (1) was income attributable to both the petitioner and her husband, (2) was income which petitioner had reason to know was being omitted from their return when she signed the return, and (3) was income from which petitioner significantly benefited. Opinion 1. Discharge of indebtedness. *179 The amount of $12,415.36 was determined by respondent to be income from the discharge of indebtedness, as provided in section 61(a)(12) and section 1.61-12(a), Income Tax Regs. Petitioner attacks the determination on two grounds: (1) That any benefits she and her husband received as a result of the discharge of the indebtedness by the Fangmeiers constituted a gift which is excludable from gross income under section 102 (a) and (2) that, if the discharge of indebtedness is taxable income to her, 690 respondent's computation of the amount to be included in income is incorrect. On this record we reject petitioner's claim that the Fangmeiers made a "gift" to the Doseks of $12,415.36. A gift has been judicially defined as a valid transfer of property from one person to another without consideration or compensation therefor. See Estate of David R. Daly, 3 B.T.A. 1042 (1926). An essential element of a gift is an intention by the donor to make a gift. There is no proof here that the Fangmeiers had a donative intent. Moreover, there was no gift because there was valuable consideration in money or money's worth for the transfer of the property in question. Cf. Commissioner v. Jacobson, 336 U.S. 28 (1949). *180 We think respondent's computation is accurate and consistent with the terms of the written agreement between the Doseks and the Fangmeiers. Our findings of fact so reflect. At the trial petitioner offered a computation under which there would be no realization of income. Unfortunately her computation does not comport with the facts. The evidence shows that what was transferred as consideration by the Doseks to the Fangmeiers had a total value of $35,000. Petitioner's contentions regarding the computation of respondent are simply without any merit. 2. Inapplicability of section 6013(e). Alternatively, petitioner contends that she is not liable for any tax resulting from the discharge of the indebtedness because of the relief provisions of section 6013(e), which was recently added to the Internal Revenue Code by Public Law 91-679, 84 Stat. 2063 (Jan. 12, 1971), 1971-9 I.R.B. 69. The law was enacted to provide that in certain cases a spouse would be relieved of liability arising from the filing of a joint income tax return. S. Rept. 91, 1537, 91st Cong. (1970), 1971-9 I.R.B. 79. The statute and Senate Report indicate that three conditions must exist before *181 the section is applicable to relieve the "innocent" spouse of tax liability. These conditions are: (1) an omission from gross income which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the joint return, (2) the spouse in signing the return did not know of, and had no reason to know of, the omission, and (3) it would be inequitable to hold the spouse liable for the deficiency in tax, taking into account whether or not the spouse significantly benefited directly or indirectly from the items omitted from gross income and taking into account all other facts and circumstances. In our judgment the petitioner has failed to satisfy the three conditions required for relief. The statute provides that a prt of the first condition to be satisfied is a showing that the income omitted from the joint return "is attributable to one spouse." Section 6013(e)(1)(A). Here the income in question is attributable to both the petitioner and her husband and not to her husband alone, as required by the statute. Petitioner was individually a party to the March 1, 1958, promissory note in the principal amount of $20,000 and to the October 22, 1958, promissory *182 note in the amount of $13,500, having executed each. She was also a party to the written Memorandum of Agreement for the discharge of indebtedness, having signed it. Since the petitioner was individually indebted to the Fangmeiers and was a party to the discharge-of-indebtedness agreement giving rise to the income in question, it cannot be said that such omitted income was "attributable to one spouse." The second condition of the statute is that the petitioner must establish "that in signing the return * * * she did not know of, and had no reason to know of, such omission" of income. Section 6013(e)(1) (B). The petitioner, having individually been a party to two of the promissory notes and to the written agreement generating the income omitted, failed to establish that she "had no reason to know of, such omission," when she signed the return. The third condition requires that it be proved that it would be inequitable for petitioner to be held liable for the deficiency in tax attributable to the omission, taking into account whether or not she significantly benefited directly or indirectly from the items omitted from gross income. Section 6013(e)(1)(C). The petitioner was liable *183 in her individual capacity under the two promissory notes signed by her for at least $31,500. Following the execution of the June 1, 1963, agreement, to which she was individually a party, her liability to the Fangmeiers ceased. Obviously the discharge of her indebtedness was of significant direct benefit to her. Furthermore, 691 the discharge of her husband's liability to the Fangmeiers was of significant indirect benefit to her. Under these particular circumstances there is no inequity in holding the petitioner liable for the deficiency in tax at issue for the year 1963. Accordingly, we conclude that the petitioner has not satisfied the conditions of section 6013(e) § aential to her eligibility for relief on this part of the deficiency for 1963. To reflect the conclusions reached with respect to the disputed issues and the concessions made by respondent, Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩